Michael J. WILLIAMS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 49S02–0505–CR–242.

Supreme Court of Indiana.

May 25, 2005.

Kathleen M. Sweeney, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 49A02–0405–CR–382.

SHEPARD, Chief Justice.

The trial court ordered concurrent, enhanced sentences on two counts using aggravating circumstances that must be found by a jury under *Blakely v. Washington.* Rather than remand for jury sentencing procedures, we direct that the trial court enter consecutive standard terms.

### Facts and Procedural History

Williams and four cohorts severely beat two men at an Indianapolis apartment complex in the early morning hours of January 1, 2002. The jury found him guilty of class B felony aggravated battery and class D felony criminal confinement.

In sentencing Williams, the trial court found two aggravating circumstances: 1) the nature and circumstances of the crime—heinous beatings resulting in severe injuries—and 2) Williams' character, particularly his unwillingness to cooperate in prosecuting the remaining perpetrators. (Tr. at 415–16.) The court stated specifically, "[y]ou're not willing to cooperate and bring some justice to what happened to this young man." (Tr. at 416.) It found his lack of a criminal history as a mitigating circumstance. (Tr. at 415.) It

sentenced Williams to twelve years for aggravated battery, two years over the presumptive "fixed term," and three years for criminal confinement, one and a half years over the presumptive term. It ordered these to be served concurrently. Ind. Code Ann. § 35–50–2–5, 7 (West 2004).

The Court of Appeals affirmed Williams' conviction and sentence, holding among other things that he had waived any claim under *Blakely v. Washington*, 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), by not objecting to his sentence at trial. *Williams v. State*, No. 49A02–0405–CR–00382, slip op. at 14, 18, 820 N.E.2d 184 (December 16, 2004).

We grant transfer because Williams preserved a *Blakely* claim by challenging his sentence in his initial appellate brief. *See Smylie v. State*, 823 N.E.2d 679, 690–91 (Ind.2005). The Court of Appeals correctly rejected William's other claims, and we summarily affirm their disposition of them. Ind. Appellate Rule 58(A).

### *Blakely* Violation and Sentencing Remedy

 Williams' enhanced sentences were based on aggravating factors that were neither prior convictions, nor reflected in the jury's verdict, nor admitted by Williams. The enhancements thus violated Williams' right to a jury trial under the Sixth Amendment. *Blakely*, 542 U.S. at ——, 124 S.Ct. at 2536–37, 2541. In light of this violation, we perceive two possible remedies available as an appellate disposition.

We could remand with instructions to impose the presumptive terms of ten years for aggravated battery and one and a half years for criminal confinement, unless the State elects to prove aggravating circum-

stances before a jury. The State would probably reap minimal return on investment by choosing to do so as compared, say, to seeking standard sentences served consecutively, which the court could properly order with the aggravators it previously found. *Smylie*, 823 N.E.2d at 686.

Or we could alter the sentences ourselves within the bounds of *Blakely* using our review and revise power. This authority flows from Article 7 Section 4 of the Indiana Constitution,[1] which was among the 1970 amendments. *See Cooper v. State*, 540 N.E.2d 1216, 1218 (1989). As we observed in *Cooper*, the Judicial Study Commission issued a report describing its proposed constitutional reforms and explaining that the commission supported review and revise power for Indiana's appellate courts after studying the efficacious use of the power in the Court of Criminal Appeals in England. *Id.* (citing *Report of the Judicial Study Commission* 140 (1967)). The commission relied on an English statute granting the power to review and revise, which stated:

> On appeal against sentence the Court of Criminal Appeal shall, if they think that a different sentence should have been passed, quash the sentence passed at the trial, and pass such other sentence warranted in law by the verdict (whether more or less severe) in substitution therefor as they think ought to have been passed, and in any other case shall dismiss the appeal.

Criminal Appeal Act, 1907, 7 Edw. 7, ch. 23, § 4(3).

The current articulation of the standard under which we exercise this power is: "The Court may revise a sentence authorized by statute if, after due consideration

---

1. "The Supreme Court shall have, in all appeals of criminal cases, the power to review all questions of law and to review and revise the sentence imposed." Ind. Const. art. VII, § 4.

of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B) (adopted February 4, 2000).

We conclude that the trial judge was warranted in finding that the brutality of the beatings—one victim spent some twenty-two days in a coma and suffered severe brain damage—was an aggravating circumstance. (Tr. at 168–74, 415.) It adequately supports ordering consecutive sentences. *Smylie*, 823 N.E.2d at 686 (aggravators requiring jury finding to support enhancement may be found by court for purposes of consecutive sentences).

### Conclusion

We vacate the enhanced sentences for each crime and order consecutive sentences of ten years for aggravated battery and one and a half years for criminal confinement.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.