ATTORNEYS FOR APPELLANT
Joel M. Schumm
Ann M. Sutton
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Matthew D. Fisher
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S04-0507-CR-321

RANDAL YOUNG,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below)*.

Appeal from the Marion County Superior Court, No. 49G06-0309-FB-151740
The Honorable Jane Magnus-Stinson, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-0403-CR-143

**October 4, 2005**

**Sullivan, Justice.**

Defendant Randal Young pled guilty to seven counts of Robbery as a Class B felony and one count of Robbery as a Class C felony after a crime spree during which he committed armed robberies of seven Indianapolis businesses. In return, the State dismissed several other felony and misdemeanor counts arising out of these incidents. Under the terms of the plea agreement,

the State and Defendant agreed that the maximum sentence that the trial court could impose would be 50 years.[1]

Under the criminal sentencing statutes in effect at the time, the following sentencing ranges were available to the trial court in respect of the felony counts:

> Class B felony: presumptive term of ten years, with not more than ten years added for aggravating circumstances or not more than four years subtracted for mitigating circumstances. Ind. Code § 35-50-2-5 (1998).

> Class C felony: presumptive term of four years, with not more than four years added for aggravating circumstances or not more than two years subtracted for mitigating circumstances. Ind. Code § 35-50-2-6 (1998).

In sentencing Defendant, the trial court enhanced the presumptive sentence of ten years on each of the seven Class B felony counts to 12 years and the presumptive sentence of four years on the one Class C felony count to five years. The 12-year sentences on three of the Class B Robbery counts were imposed consecutively to one another; the remaining sentences were imposed concurrently. As is apparent, this resulted in a total sentence of 36 years; because four years on each of the Class B felony counts were suspended, the total executed sentence was 24 years.

Six weeks after Defendant was sentenced, the United States Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004). We subsequently interpreted Blakely to dictate that sentences imposed under Indiana law can violate the Sixth Amendment to the United States Constitution when aggravating circumstances found by the trial court are not based on facts found to exist by a jury. Smylie v. State, 823 N.E.2d 679, 685 (Ind. 2005). However, Blakely does not require a jury finding to increase a sentence based on "'the fact of a prior conviction.'"

---

[1] The State contends that because the sentence imposed by the trial court was less than 50 years, the maximum Defendant agreed to in the plea agreement, Defendant is not entitled to appeal his sentence at all. Because of the way we resolve this case, we do not address this issue, which is before the Court in two pending cases. See Carroll v. State, No. 61A04-0409-CR-483, 2005 Ind. App. LEXIS 810 (Ind. Ct. App. May 4, 2005), transfer pending, and Childress v. State, No. 61A01-0409-CR-391, 826 N.E.2d 165 (Ind. Ct. App. 2005), transfer pending.

2

Morgan v. State, 829 N.E.2d 12, 15 (Ind. 2005) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).  Nor does it require a jury finding to increase a sentence based on facts "'admitted by the defendant.'"  Id. at 17 (quoting United States v. Booker, 125 S.Ct. 738, 756 (2005)).

As noted, the trial court, acting before Blakely was decided, enhanced the sentences on each of the counts to which Defendant pled guilty.  Because this case was on appeal when Blakely was decided and Defendant timely appealed his sentence, he is entitled to argue that the trial court violated Blakely in imposing the sentence it did.  Smylie, 823 N.E.2d at 690-91.

The Court of Appeals affirmed the sentence imposed by the trial court, finding that the trial court did not violate Blakely when it enhanced the presumptive sentence on each of the counts on grounds that Defendant had "committed multiple violent crimes within a short period of time."  Young v. State, 826 N.E.2d 665, 669 (Ind. Ct. App. 2005).  That is, because Defendant had admitted when he pled guilty that he had gone on a "crime spree," the trial court was entitled to use that admission to enhance his sentence.  Id.  We granted transfer.  Young v. State, No. 49S04-0507-CR-321, 2005 Ind. LEXIS 604 (Ind. July 13, 2005).[2]

We think the application by the Court of Appeals of the "admitted by the defendant" alternative to the Blakely rule was not supported by authority and unnecessary in this instance.  This is "because the trial court might have imposed essentially the same [amount] of jail time by ordering other sentences served consecutively, see [Ind. Code] § 35-50-1-2, and a court's authority to order consecutive sentences was not affected by Blakely."  Estes v. State, 827 N.E.2d 27, 29 (Ind. 2005) (citing Smylie, 823 N.E.2d at 686).

We believe this case is most expeditiously resolved by, as we did in the recent case of Williams v. State, 827 N.E.2d 1127, 1128 (Ind. 2005), altering the sentences ourselves within the bounds of Blakely using our constitutional power to review and revise sentences.  Ind. Const. art. VII, § 4.  We vacate the trial court's sentences for each count and remand with instructions: (1) to impose the presumptive sentence of 10 years on each of the seven Class B felony counts; (2)

---

[2] In addition to its disposition of the Blakely claim, the Court of Appeals also rejected Defendant's claim that his sentence was inappropriate in light of the nature of the offense and character of the offender.  We summarily affirm this portion of the opinion of the Court of Appeals.  Ind. Appellate Rule 58(A)(2).

to impose the presumptive sentence of four years on the one Class C felony count; (3) to impose the 10-year sentences on three of the Class B Robbery counts consecutive to one another and also consecutive to the four-year sentence on the one Class C felony count; (4) to impose the remaining sentences concurrently; and (5) to suspend three years of the 10-year sentence on each of the three Class B Robbery counts and also suspend one year of the four-year sentence on the Class C felony count. As is apparent, this results in a total sentence of 34 years and a total executed sentence of 24 years. The trial court, without need for an additional sentencing hearing, shall determine the order in which the consecutive sentences shall run.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.