ATTORNEY FOR APPELLANT
Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

_____

No. 49S04-0701-CR-32

MORRIS WINDHORST,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Marion Superior Court, Criminal Division 6, No. 49G06-0602-FC-031047
The Honorable Jane Magnus Stinson, Judge
The Honorable Jeffrey Marchal, Commissioner

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 49A04-0605-CR-260

_____

**June 26, 2007**

**Rucker, Justice.**

**Background**

After sending nude pictures of himself and engaging in sexually explicit communication over the Internet with what he thought was a fourteen-year-old child, forty-four-year-old Morris Windhorst was apprehended in an undercover on-line sting operation. He was arrested and ultimately charged with one count of child solicitation as a Class C felony[1] and two counts of dissemination of matters harmful to minors, Class D felonies.[2] Under terms of an agreement he pleaded guilty to child solicitation and in exchange the State dismissed the remaining charges. The plea agreement provided in pertinent part that the sentence would be capped at two years and that "[t]he court may impose an additional period of time beyond this two (2) years and require the Defendant to serve a portion of all of that suspended time on probation." App. at 22.

At the sentencing hearing Windhorst asked the trial court to consider the following mitigating factors: (1) that he had pleaded guilty and accepted responsibility for his actions, (2) that he was remorseful, (3) that he had no history of criminal offenses, (4) that he had been steadily employed for most of his life, (5) that he had served in the military, (6) that he had cooperated with police by giving a statement and consenting to a search of his home and computer, (7) that he had been suffering from depression, and (8) that he had participated in programs while awaiting trial in the county jail. Tr. at 28-29; Br. of Appellant at 7.

After listening to the testimony of two defense witnesses and entertaining arguments of counsel, the trial court imposed the four-year advisory sentence for a Class C felony offense, see Ind. Code § 35-50-2-6(a), and suspended two years to probation. The trial court mentioned neither aggravating nor mitigating factors.

Windhorst appealed contending that his sentence was inappropriate in light of the nature of the offense and his character. Specifically he argued that an advisory sentence "is inappropriate in a case that presents no aggravating circumstances but several weighty mitigating

---

[1] I.C. § 35-42-4-6.

[2] I.C. § 35-49-3-3.

circumstances." Br. of Appellant at 4. Engaging in a straightforward review of Windhorst's sentence under Indiana Appellate Rule 7(B) the Court of Appeals, in a divided opinion, rejected Windhorst's argument and affirmed the judgment of the trial court. Windhorst v. State, 858 N.E.2d 676 (Ind. Ct. App. 2006). On this issue we summarily affirm the Court of Appeals' opinion. See Ind. Appellate Rule 58(A)(2).

However, in a lengthy footnote the majority discussed McMahon v. State, 856 N.E.2d 743 (Ind. Ct. App. 2006), trans. not sought, an opinion by another panel of the Court of Appeals which held in part, "'we presume that by keeping Indiana Code § 35-38-1-3 in place, [requiring a sentencing statement if the court finds aggravating or mitigating circumstances] the legislature intended to require a sentencing statement anytime the trial court imposes a sentence other than the *advisory* sentence under the new statutes.'" Windhorst, 858 N.E.2d at 678 n.2 (quoting McMahon, 856 N.E.2d at 749 (emphasis in original)). The majority criticized McMahon, disagreeing with its holding and analysis. According to the majority, the McMahon approach "will resurrect the very Sixth Amendment problems that the legislature sought to eliminate with its amendment of Indiana's sentencing scheme." Windhorst, 858 N.E.2d at 678 n.2. Judge Vaidik, who authored McMahon, wrote separately and advanced additional arguments in support of McMahon's validity. Id. at 679-681 (Vaidik, J., concurring in result).

On transfer Windhorst cites Judge Vaidik's dissent and argues that trial courts should continue the practice of making sentencing statements and finding aggravating and mitigating circumstances. He also contends his sentence is inappropriate in light of the nature of the offense and his character.

**Discussion**

In an opinion handed down today we noted that in the aftermath of the 2005 amendments to Indiana's criminal sentencing statutes, there has been a lack of consensus on the Court of Appeals as to whether and to what extent trial judges are now required to make sentencing statements and whether any such statements must include findings of aggravating and mitigating factors. Addressing this issue we concluded:

> [C]onstruing what we believe is a legislative intent to retain the traditional significance of sentencing statements we conclude that under the new statutory regime Indiana trial courts are required to enter sentencing statements *whenever imposing sentence for a felony offense*. In order to facilitate its underlying goals, the statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating.

Anglemyer v. State, No. 43S05-0606-CR-230, ___ N.E.2d ___, ___, slip op. at 9 (Ind. June 26, 2007) (emphasis added) (internal citation omitted).

Obviously not having the benefit of our ruling in Anglemyer, the trial court in this case did not enter a sentencing statement. Rather, adhering to long-standing precedent, which required no such statement when imposing the presumptive sentence, the trial court simply sentenced Windhorst to the advisory term without explaining its reasons. See Gardner v. State, 270 Ind. 627, 388 N.E.2d 513, 517 (Ind. 1979) ("When a court imposes the basic sentence embodied within a particular criminal statute, this Court will presume that the mandatory considerations were made by the judge, even if the record lacks specificity in enumerating those considerations."); Jones v. State, 698 N.E.2d 289, 290 (Ind. 1998) ("[A] sentencing judge must articulate her reasoning only when she deviates from the statutory presumptive sentence.").[3]

We also determined today that we continue to review a trial court's sentencing decision for abuse of discretion. "One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all." Anglemyer, ___ N.E.2d at ___, slip. op. at 10. Here, even if the trial court were on notice of its obligation to enter a sentencing statement – which it was not – and simply failed to do so, we nonetheless would not be inclined to remand this cause for further consideration. And this is so because we have long held that where the trial court erred in sentencing a defendant, there are several options for the appellate court. "Without a trial court sentencing order that meets the requirements of the law," we have the option to remand to the

---

[3] Even in McMahon the court held that under the amended statutory regime a sentencing statement was necessary "anytime the trial court imposes a sentence other than the *advisory* sentence." McMahon, 856 N.E.2d at 749.

trial court for a clarification or new sentencing determination. <u>Brown v. State</u>, 783 N.E.2d 1121, 1129 (Ind. 2003). Additionally we may exercise our authority to review and revise the sentence. <u>Williams v. State</u>, 827 N.E.2d 1127, 1128 (Ind. 2005). In this case the Court of Appeals exercised this option and reviewed Windhorst's sentence under Indiana Appellate Rule 7(B) and declined to revise it. As mentioned earlier in the opinion, we summarily affirm that portion of the Court of Appeals' opinion.

## Conclusion

The judgment of the trial court is affirmed.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.