Mark R. **EILER,** Appellant–Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

No. 73A04–1005–CR–369.

Court of Appeals of Indiana.

Dec. 22, 2010.

Rehearing Denied Feb. 24, 2011.

Andrew B. Arnett, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Mark Eiler appeals his sentence for

dealing cocaine as a class A felony.[1] Eiler raises one issue, which we revise and restate as:

I. Whether the trial court abused its discretion in sentencing Eiler; and

II. Whether Eiler's sentence is inappropriate in light of the nature of the offense and the character of the offender.

We reverse and remand.

The relevant facts follow.[2] Eiler owned a barn on his property in Shelby County that he used for recreation purposes including drug use. On October 29, 2008, the Shelby County police recovered from Eiler approximately eight grams of cocaine located in the barn.

On October 31, 2008, the State charged Eiler with: Count I, dealing marijuana as a class A misdemeanor; Count II, dealing marijuana as a class D felony; Count III, dealing cocaine as a class B felony; Count IV, dealing cocaine as a class B felony; Count V, dealing cocaine as a class B felony; Count VI, dealing marijuana as a class A misdemeanor; Count VII, dealing marijuana as a class A misdemeanor; Count VIII, dealing marijuana as a class D felony; Count IX, dealing cocaine as a class A felony; Count X, possession of cocaine as a class C felony; Count XI, corrupt business influence as a class C felony; Count XII, dealing marijuana as a class D felony; Count XIII, possession of marijuana as a class D felony; Count XIV,

maintaining a common nuisance as a class D felony; and Count XV, possession of paraphernalia as a class A misdemeanor. On March 19, 2010, Eiler and the State entered into a plea agreement whereby Eiler agreed to plead guilty to Count IX, dealing cocaine as a class A felony, and the State agreed to cap Eiler's amount of executed time at twenty-two years and dismiss the other fourteen counts.

On March 19, 2010, the trial court held a guilty plea hearing, and Eiler pled guilty to Count IX, dealing cocaine as a class A felony. On May 13, 2010, the court held a sentencing hearing. Eiler testified that he had been using cocaine regularly for about "six months before [he] was arrested." Transcript at 22. Eiler admitted to selling cocaine to "two guys [he] shared a little with" on two occasions who were the same individuals that he used cocaine with. Eiler also admitted to selling cocaine once "to a guy . . . begging me to sell [ ] him some that [Eiler] had. . . ." *Id.* at 31. Eiler testified in response to the question of why did he "engage in this conduct in the first place," that "it was one of those things where you got started and just couldn't stop. It was an addiction. I mean, I admit it. I [ ] know what addiction is." *Id.* at 29.

The court sentenced Eiler to twenty-two years in the Department of Correction with four years suspended to probation. The court made a non-binding recommendation to the Department of Correction

---

1. Ind.Code § 35–48–4–1 (Supp.2006).

2. We note that Eiler has failed to include the presentence investigation report ("PSI") in his appendix. Inasmuch as his argument relies on information contained in the PSI and the trial court's analysis thereof, his failure to include the document in the record on appeal hampers our ability to consider Eiler's argument and review the trial court's sentencing decision. *See Nasser v. State*, 727 N.E.2d 1105, 1110 (Ind.Ct.App.2000) (finding that de-

fendant had waived a sentencing argument because he had failed to include the PSI in the record), *trans. denied; but see* Ind. Appellate Rule 49(B) (providing that "[a]ny party's failure to include any item in an Appendix shall not waive any issue or argument"). We remind Eiler that, as the appellant, he bears the burden of presenting a record that is complete with respect to the issues raised on appeal. *Ford v. State*, 704 N.E.2d 457, 461 (Ind.1998), *reh'g denied.*

that Eiler "be allowed to serve that sentence in a minimum security facility and if available [ ] a work release facility." *Id.* at 52.

## I.

■ The first issue is whether the trial court abused its discretion in sentencing Eiler. Eiler appears to argue that the trial court abused its discretion because it "did not give an explanation as to it's [sic] reasoning behind the sentence." Appellant's Brief at 9. Eiler argues that "[i]n determining whether a trial court's sentence [is] inappropriate, the Court should look at the recognition or non-recognition of aggravators or mitigators." *Id.* at 7–8. The State argues that "although the trial court did not identify aggravating and mitigating circumstances, this was not error because under the sentencing scheme introduced in 2005, a trial court is not required to do that." Appellee's Brief at 3.

■ Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind.2008). Also, a trial court may impose any legal sentence "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Ind.Code § 35–38–1–7.1(d). "Indiana trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind.2007), *clarified on reh'g*, 875 N.E.2d 218. Under Indiana's current sentencing scheme, when sentencing a defendant for a felony, "[t]he trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Id.* at 491. One instance identified in *Anglemyer* in which a

trial court abuses its discretion is if it fails "to enter a sentencing statement at all." *Id.* at 490; *see also Cardwell*, 895 N.E.2d at 1222–1223 (citation omitted). However, if the trial court has abused its discretion, we will remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

Here, our review of the record reveals that the trial court's sentencing order did not include "a statement including reasonably detailed reasons or circumstances for imposing a particular sentence," *see id.* at 490, either as a part of its written sentencing order, or during the sentencing hearing. *See* Transcript at 52–54; Appellant's Appendix at 22–23.[3] The court did not give an explanation of why it chose to sentence Eiler to twenty-two years with four years suspended pursuant to a plea agreement whereby the amount of executed time was capped at twenty-two years. Also, the court did not explain its nonbinding recommendation that Eiler "be allowed to serve that sentence in a minimum security facility and if available [ ] a work release facility." Transcript at 52.

■ Based upon our review of the written sentencing order and the transcript of the sentencing hearing, we conclude that the trial court's sentencing order is not an adequate sentencing statement, and that therefore the trial court abused its discretion. However, "where the trial court erred in sentencing a defendant, there are several options for the appellate court." *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind.2007), *reh'g denied*. " 'Without a trial court sentencing order that meets the requirements of the law,' we have the option

3. Similarly, the chronological case summary does not contain a statement which includes reasons for the sentence imposed by the trial court. *See* Appellant's Appendix at 5–6.

to remand to the trial court for a clarification or new sentencing determination." *Id.* (quoting *Brown v. State*, 783 N.E.2d 1121, 1129 (Ind.2003)). "Additionally we may exercise our authority to review and revise the sentence." *Id.* (citing *Williams v. State*, 827 N.E.2d 1127, 1128 (Ind.2005)). Here, we elect to address whether Eiler's sentence is inappropriate under Ind. Appellate Rule 7(B).

## II.

Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006).

Eiler argues that "[t]he nature of the offense, although serious, is negated by Eiler's character and other mitigating factors." Appellant's Brief at 10. Eiler argues that "[t]here was no evidence of any massive effort by Eiler to distribute large masses of cocaine." *Id.* Eiler also points out that the "crime is suspendable because Eiler had not been [previously] convicted of a felony." *Id.* at 8 (citing Ind.Code § 35–50–2–2).

Our review of the nature of the offense reveals that Eiler possessed approximately eight grams of cocaine with intent to deliver in his barn where he regularly used drugs, including cocaine.

Our review of the character of the offender reveals that Eiler began using cocaine six months prior to his arrest and had used marijuana for almost thirty-five years on a daily basis. Eiler testified that he stopped using both cocaine and marijuana the night he was arrested. Eiler also testified that he stopped using cocaine because he had "no ability to get it" because the one dealer he had "was the only guy [he] knew," and that "most people don't sell coke to a sixty year old man." Transcript at 34. Eiler also testified, however, that he "had no reason to get it. [He] did not want to," and that he said to himself: "I've got to quit this, this is killing me." *Id.* at 34–35. Eiler admitted that he sold cocaine on three occasions to the same people that he used cocaine with and that he "never made a dime off that stuff." *Id.* at 32. Eiler's criminal history consists of a conviction for possession of marijuana in 1982.

Eiler suffered from depression and was prescribed Zoloft to treat his depression. At the sentencing hearing, Eiler stated that he wanted to create "a program for troubled kids [ ] through singing" to help people who are addicted to drugs, and that since his arrest, he "got [one boy] into a rehab center for … a big problem." *Id.* at 26, 28. Eiler is the primary financial provider for his family, including his wife and a son. Eiler has worked for Amtrak for the past twenty-five years. Eiler took responsibility for his actions.

Although the trial court sentenced Eiler within the capped range pursuant to his plea agreement, we find his sentence of twenty-two years with four years suspended inappropriate, particularly in light of such factors as Eiler's age, his minimal criminal history, his ability to maintain a job for the past twenty-five years, his taking responsibility for his actions, and that he was the family's main financial provider, as well as the fact that he sold cocaine only to the same people with whom he used and that he did not profit financially from doing so. Accordingly, we conclude that Eiler's sentence should be modified to twenty-two years with ten years suspended, maintaining the trial court's recom-

mendation that Eiler serve that sentence in a minimum security facility or a work release facility.

For the foregoing reasons, we reverse the trial court's sentence of twenty-two years with four years suspended to probation for dealing cocaine as a class A felony, and remand for resentencing consistent with this opinion.

Reversed and remanded.

ROBB, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting with separate opinion.

Although I agree with the majority that the trial court's sentencing statement is inadequate, I part ways with the majority's conclusion that this error is harmless. Specifically, I find this incorrect sentencing statement an abuse of discretion for which I would remand as the imposed sentence is inappropriate in light of the nature of the crime and Eiler's character. *See Mendoza v. State*, 869 N.E.2d 546, 556 (Ind.Ct.App.2007), *trans. denied.* Eiler is a sixty-year-old man, who is the primary provider for his family, has held a permanent position for the last twenty-five years, and has no criminal history. He testified that he began using cocaine six months before his arrest, and used only in his barn, not around other people. Although Eiler admitted to have sold cocaine on three occasions, the individuals he dealt with were the same ones he bought cocaine from. There is no evidence that Eiler intended to distribute large masses of cocaine, rather the cocaine he purchased was mostly for his own consumption. Based on these circumstances, I conclude that the trial court's sentence of twenty-two years with four years suspended to probation is too severe and would remand this case for resentencing.