**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 19 2014, 6:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. McGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**WILLIAM HACKL BRAINARD**
**MONIKA PREKOPA TALBOT**
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KARLA J. SHAFER,                )
                                )
    Appellant-Defendant,        )
                                )
        vs.                  )     No. 13A04-1405-CR-239
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.         )

APPEAL FROM THE CRAWFORD CIRCUIT COURT
The Honorable K. Lynn Lopp, Judge
Cause No. 13C01-0911-FB-18

**December 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Karla J. Shafer appeals her six-year sentence with two years suspended to probation imposed following her guilty plea to class B felony dealing in a controlled substance. She contends that four years executed is inappropriate in light of the nature of the offense and her character and asks us to revise the four years to home detention or suspend it to probation. We conclude that she has failed to carry her burden to show that her sentence is inappropriate and therefore affirm.

**Facts and Procedural History**

Shafer is a fifty-year-old woman. In March 2008, Indiana State Police Detective Juli Schnell met with a confidential informant ("CI") to conduct a controlled purchase of medication from Shafer. During 2008, the CI sometimes lived with Shafer. Detective Schnell searched the CI, fitted her with an audio recorder, and gave her money for the purchase. Detective Schnell and the CI drove to Shafer's home in the CI's car. Detective Schnell waited in the car while the CI went into Shafer's home. Shafer sold the CI one Fentanyl patch and four hydrocodone pills. Two days later, Detective Schnell and the CI conducted a second controlled purchase, in which Shafer sold the CI two hydrocodone pills and ten methadone pills.

The State charged Shafer with four counts of class B felony dealing in a controlled substance. Shafer pled guilty to Count 2, based on the CI's purchase of four hydrocodone

pills during the first controlled purchase.[1]  The plea agreement provided that Shafer would receive a six-year sentence with the executed portion not to exceed four years.  The trial court found that Shafer's insignificant criminal history, consisting of a prior arrest for operating a vehicle while intoxicated that was dismissed pursuant to a pretrial diversion program, was a mitigating factor and found no aggravating factors.  The trial court sentenced her to six years, with four years executed and two years suspended to probation.

## Discussion and Decision

Shafer contends that the executed portion of her sentence is inappropriate pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  When reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result.  *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate."  *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012).  A defendant's conscious choice to enter a plea agreement that limits the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness. *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006) (Dickson, J.,

---

[1] Shafer's plea agreement states that she was pleading guilty to Count 4, which was based on her sale of methadone pills, and that Counts 1, 2, and 3 would be dismissed.  Appellant's App. at 99.  However, the parties agreed at the plea hearing that Shafer was pleading guilty to Count 2 and that Counts 1, 3, and 4 would be dismissed.  Tr. at 3, 7.  The trial court convicted Shafer of Count 2.  *Id*. at 48; Appellant's App. at 112.

concurring). In assessing the appropriateness of a sentence, we may consider all aspects of the penal consequences imposed by the trial court, including "'suspension of [all or part of the term of years portion of the] sentence, probation, home detention, placement in a community corrections program, executed time in a Department of Correction facility, or [the] serving of [term of years] sentences on multiple convictions concurrently rather than consecutively' as well as monetary penalties such as restitution and fines." *Sharp v. State*, 970 N.E.2d 647, 650 (Ind. 2012) (quoting *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010)). Shafer has the burden to show that her sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

Shafer received the minimum sentence for a class B felony.[2] Nevertheless, she argues that her four-year commitment to the Department of Correction is inappropriate and should be revised to home detention or suspended to probation. As for the nature of the offense, Shafer asserts that she sold four hydrocodone pills to her roommate in the privacy of her own home. Shafer's argument ignores that the offense to which she pled guilty comprised just a small part of her transactions with the CI. Shafer also sold Fentanyl, methadone, and additional hydrocodone pills to the CI. Absent any language in a plea agreement that limits the facts a trial court can consider in sentencing a defendant, a trial court is not required to ignore the circumstances surrounding the incident that brought the defendant before it, including facts related to any dismissed charges. *Bethea v. State*, 983 N.E.2d 1134, 1145

---

[2] The advisory sentence for a class B felony is ten years, with a sentencing range of six to twenty years. Ind. Code § 35-50-2-5.

(Ind. 2013). Therefore, we are unpersuaded that the nature of Shafer's offense renders her executed sentence inappropriate.

As for Shafer's character, she asserts that she has no prior criminal convictions. She also emphasizes that she cares for her eighty-two-year-old mother who suffers from Alzheimer's disease and her eighty-year-old father who is hard of hearing and suffers from diabetes. She performs this care despite her own serious illnesses. She has pulmonary hypertension and has suffered three heart attacks and requires over twenty medications to maintain her health. Shafer's care of her elderly parents in the face of her own health challenges reveals a loyal and considerate character. Nevertheless, we are unable to overlook Shafer's history of selling controlled substances. Even though she has no prior criminal convictions, there is evidence in the record showing that the controlled buys were not isolated incidents. The CI testified in her deposition that Shafer had previously sold her Fentanyl and hydrocodone and that Shafer told her that she was selling drugs. Defendant's Ex. A at 65-66, 71, 78. In addition, while under oath a prospective juror stated that he used prescription drugs with Shafer and had purchased them from her. State's Ex. 1 at 3-4. Finally, Shafer admitted that she had used marijuana. Accordingly, we are unpersuaded that Shafer's character merits a revised sentence.

Shafer relies on two cases to support her argument that her executed sentence is inappropriate, but both are readily distinguishable. In *Westlake v. State*, 893 N.E.2d 769, 772-73 (Ind. Ct. App. 2008), another panel of this Court revised Westlake's fourteen-year aggregate sentence for class B felony dealing in cocaine and class C felony neglect of a

5

dependent to seven years with two years suspended and the executed portion to be served in community corrections. The *Westlake* court's revision was based on unusual circumstances. Prior to Westlake's convictions, she had undiagnosed and untreated bipolar disorder. Once her illness was discovered and treated, she responded rapidly to rehabilitation. There are no analogous circumstances present here.

In *Eiler v. State*, 938 N.E.2d 1235, 1239-40 (Ind. Ct. App. 2010), the court revised Eiler's twenty-two-year sentence with four years suspended for his class A felony dealing cocaine conviction to twenty-two years with ten years suspended. The *Eiler* court based its decision on the following:

> Eiler's age [sixty years old], his minimal criminal history, his ability to maintain a job for the past twenty-five years, his taking responsibility for his actions, and that he was the family's main financial provider, as well as the fact that he sold cocaine only to the same people with whom he used and that he did not profit financially from doing so.

*Id*. at 1239.

> Here, at the sentencing hearing, the trial court made the following observation,

> The concern this Court has in accepting this plea and passing sentence is, is that I still have not seen from you, and the State eluded [sic]to it, acceptance for and responsibility for the action that got [you] here. That's somewhat been lacking here and is troubling to the Court.

Tr. at 47. We agree with the trial court that Shafer's apparent lack of remorse reflects unfavorably on her character. Therefore, we conclude that Shafer has failed to carry her burden to show that her six-year sentence with four years executed is inappropriate.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

6