## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 27 2015, 8:59 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Special Asst. to State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Paul R. Hoffert,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 27, 2015

Court of Appeals Case No.
84A05-1503-CR-102

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1210-FC-3358

**Pyle, Judge.**

## Statement of the Case

Appellant/Defendant, Paul R. Hoffert ("Hoffert"), appeals his sentence for his convictions of two counts of Class C felony burglary.[1] Hoffert pled guilty to both counts in exchange for a combined sentencing cap of eight (8) years. Subsequently, the trial court sentenced him to four (4) years for each conviction, with two (2) years of each suspended to probation, and ordered the sentences to run concurrently. On appeal, Hoffert now argues that the trial court abused its discretion in sentencing him because it did not issue an adequate sentencing statement. We agree that the trial court did not issue an adequate sentencing statement, but we affirm because we conclude that Hoffert's sentence was not inappropriate under Appellate Rule 7(B).

We affirm.

## Issue

Whether the trial court abused its discretion in sentencing Hoffert by failing to issue an adequate sentencing statement.[2]

## Facts

On October 19, 2012, the State charged Hoffert with two counts of Class C felony burglary. On February 9, 2015, Hoffert pled guilty to both counts in

---

[1] IND. CODE § 35-43-2-1. The burglary statute was amended effective July 1, 2014, and Hoffert's offense would now be considered a Level 5 felony. However, because he committed his offense in 2012, we will consider the version of the statute in effect at that time.

[2] Hoffert also preemptively argues that he did not waive his right to challenge his sentence by pleading guilty. Because the State concedes that waiver does not apply, we need not address the issue.

exchange for a combined sentencing cap of eight (8) years. At his plea hearing, Hoffert admitted to breaking and entering into two storage units at You-Store-It, a storage facility in Terre Haute, with the intent to commit thefts.

[4] That same day, the trial court held a sentencing hearing. At the hearing, Hoffert testified that, since his offense, he had completed addictions counseling and would be willing to complete any additional programs that the court might order. He also stated that he had last been convicted of a felony in 1989 but had been convicted of "some" misdemeanor charges since then. (Tr. 16). In addition, he testified that when he was questioned as a suspect in the instant case, he confessed to the police officers that he had taken the items. The State told the trial court that one of Hoffert's victims had contacted the State and requested restitution in the amount of $29,000 for the items taken from his storage unit. However, the State did not argue for any aggravating factors.

[5] At the conclusion of the hearing, the trial court sentenced Hoffert to four (4) years for each conviction, with two (2) years of each suspended to probation, and ordered the sentences to run concurrently. In its oral sentencing statement, the trial court stated:

> You would be a candidate for Community Corrections except for they don't have anywhere to put you. The range of sentence that you're facing on these is two [(2)] to eight (8) years with an advisory of four (4) [years]. I'm gonna give you a sentence of four (4) years, and I'm gonna [sic] that two (2) years be executed and that two (2) years be suspended to formal probation. I'm not ordering restitution at this point[.] [U]h, I'm going to allow the victim to contact the Probation Department. If he wants a

hearing on restitution, he can ask [for] one through probation and we will have a hearing. I'm not going to do it based on the estimate that was turned in at the last minute. Uh, from what I know of the case, I'm a bit incredulous about [$29,000] in a You-Store-It facility, but he'll just have to bring his evidence in. He can always pursue you civilly as well, so, that's the way I'll leave it on that. You've got sixteen (16) actual plus good time, so you've got thirty-two days credit against the two (2) years. I'm gonna recommend you for any alcohol and drug counseling that the DOC has available to you. Okay. Based on the time served, I'm going to waive fines, costs, and fees in this case and you're remanded to custody.

(Tr. 17-19).[3] Hoffert now appeals his sentence.

# Decision

On appeal, Hoffert argues that the trial court erred in sentencing him because it failed to issue an adequate sentencing statement explaining the reasons for its sentence.

Sentencing is within the trial court's discretion. *Ramos v. State*, 869 N.E.2d 1262, 1263 (Ind. Ct. App. 2007). Accordingly, we review a sentence for an abuse of discretion. *Id.* Under Indiana's current sentencing scheme, "'[t]he trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence'" when sentencing a defendant for a felony. *Eiler v. State*, 938 N.E.2d 1235, 1238 (Ind. Ct. App.

---

[3] The trial court did not add any additional details or reasoning to support Hoffert's sentence in its written sentencing order.

2010) (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218), *reh'g denied*.  The purpose behind this requirement is to: (1) guard against arbitrary and capricious sentencing and (2) provide an adequate basis for appellate review.  *Moore v. State*, 882 N.E.2d 788, 795 (Ind. Ct. App. 2008).  We will consider a sentencing statement adequate if it provides a sufficient basis for appellate review of the sentence.  *See Anglemyer*, 868 N.E.2d at 482.

[8]     We agree with Hoffert that the trial court did not enter an adequate statement because it did not include reasonably detailed reasons or circumstances for imposing his sentence.  *See Eiler*, 938 N.E.2d at 1238 (finding that the sentencing statement was inadequate because the trial court did not explain why it chose to sentence Eiler to the number of years to which it sentenced him).  While the trial court discussed its reasons for not imposing restitution or placing Hoffert in Community Corrections, it did not identify its reason for sentencing him to the advisory sentence.  It is clear that the trial court considered at least one of Hoffert's proposed mitigating factors as the court suspended two (2) years of Hoffert's sentence to probation, but it is not clear which factors it considered.

[9]     However, where a trial court has erred in sentencing a defendant, we have "'several options[.]'"  *Id.* at 1238 (quoting *Windhorst v. State*, 868 N.E.2d 504. 507 (Ind. 2007), *reh'g denied*).  "'Without a trial court sentencing order that meets the requirements of the law,' we have the option to remand to the trial court for a clarification or new sentencing determination."  *Id.* at 1238-39

(quoting *Windhorst*, N.E.2d at 507). We also may exercise our authority to review and revise the sentence and address whether it is inappropriate under Indiana Appellate Rule 7(B). *See id.* at 1239.

[10] Pursuant to Appellate Rule 7(B), a reviewing court may revise a sentence if, "after due consideration of the trial court's decision," it finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Childress v. State*, 848 N.E.2d 1073, 1079-80 (Ind. 2006) (quoting App. R. 7(B)). Although this Court is not required to use "great restraint," we nevertheless exercise deference to a trial court's sentencing decision, both because Appellate Rule 7(B) requires that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making decisions. *Stewart v. State*, 866 N.E.2d 858, 865-66 (Ind. Ct. App. 2007). The "principal role of appellate review should be to attempt to leaven the outliers and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). In addition, the defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress*, 848 N.E.2d at 1080.

[11] The sentencing range for a Class C felony conviction is between two (2) and eight (8) years, with an advisory sentence of four (4) years. Here, Hoffert received the advisory sentence for both convictions with two years suspended and concurrent terms.

[12]     Although Hoffert raised several potential mitigating factors at his sentencing hearing, we cannot conclude that his sentence was inappropriate. While he was sentenced to the advisory sentence, his aggregate sentence for his two Class C felony convictions was equivalent to the advisory sentence for one Class C felony conviction. He also had two years suspended to probation, so his aggregate executed sentence for two convictions was equivalent to the minimum sentence for one Class C felony. In addition, Hoffert had a criminal history that was evidence of his poor character and supports his sentence. *See Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (stating that revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character). He had one felony conviction, also for burglary, and numerous misdemeanor convictions. In light of these factors, we decline to revise Hoffert's sentence. Thus, we affirm the trial court's sentence in spite of the fact that the trial court did not adequately discuss its reasons for imposing the sentence.

[13]     Affirmed.


Vaidik, C.J., and Robb, J., concur.