## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 03 2020, 7:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers Law
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Jeremy L. Adams,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

March 3, 2020

Court of Appeals Case No.
19A-CR-1896

Appeal from the Huntington
Superior Court

The Honorable Jennifer E.
Newton, Judge

Trial Court Cause No.
35D01-1906-F6-179

**May, Judge.**

Jeremy L. Adams appeals his two-year sentence for Level 6 felony domestic battery in the presence of a child.[1] He presents two issues for our consideration, which we restate as:

> 1. Whether the trial court abused its discretion when it sentenced him for a Level 6 felony because it did not provide a statement regarding its reason for the sentence; and

> 2. Whether Adams' sentence is inappropriate based on the nature of his offense and his character.

We affirm.

# Facts and Procedural History

On May 24, 2019, Adams was at the home of his former girlfriend, P.U., and their daughter, J.U. Adams and P.U. began arguing over a cell phone. When P.U. asked Adams why he was using a cell phone that he had previously told P.U. did not work, Adams said, "fuck you bitch[.]" (App. Vol. II at 26.) Adams became angry and "shoved [P.U.] with both hands on her chest." (*Id.*) P.U. fell over a toy car and her head bounced off the wall. Adams told P.U. to "get up cry baby[.]" (*Id.*) J.U., who had been sitting in the room during the incident, began to cry. P.U. told Adams that she was going to call the police.

---

[1] Ind. Code § 35-42-2-1.3(b)(2).

Adams gathered his things to leave and told J.U., "[J.U.,] I'm sorry, Dad's sorry, but your mom is a stupid bitch[.]" (*Id.* at 27.)

[3]     On June 27, 2019, the State charged Adams with Level 6 felony domestic battery in the presence of a child. At his initial hearing on July 12, Adams indicated he wished to plead guilty as charged without benefit of counsel. The trial court continued the hearing until July 23, 2019, at which time Adams returned to court. He signed an attorney waiver form and proceeded *pro se*. On the same day, Adams filed a motion to plead guilty and signed a written advisement and waiver of rights. Based on his plea, the trial court sentenced Adams to two years and suspended all but 270 days to probation.

# Discussion and Decision

## Abuse of Discretion

[4]     A trial court commits an abuse of discretion if "the decision is clearly against the logic and effect of the facts and circumstances." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). There are four ways that a trial court can abuse its discretion at sentencing: (1) failing to enter a sentencing statement altogether; (2) entering a sentencing statement explaining reasons for imposing the sentence when those reasons are not supported by the record; (3) failing to include reasons supported by the record and put forth for consideration when entering a sentencing statement; and (4) considering reasons inappropriate as a matter of law. *Id.* at 490-91. If the trial court abused its discretion in one or more of those ways and we are

unable to "say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record," then we will remand for resentencing. *Id*. at 491.

[5] The trial court sentenced Adams to two years, with all but 270 days suspended to probation. This sentence is within the sentencing range for a Level 6 felony. *See* Ind. Code § 35-50-2-7(b) (sentencing range for a Level 6 felony between six months and two-and-one-half years, with an advisory sentence of one and one-half years). Adams argues the trial court abused its discretion because it did not enter a detailed sentencing statement indicating its reasons for imposing his sentence.

[6] "Indiana trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense." *Anglemyer*, 868 NE.2d at 490. "[T]he statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Id*.

> "A trial court's consideration of factors may be evidenced in either the written order or in an oral sentencing statement." *Anderson v. State*, 989 N.E.2d 823, 826 (Ind. Ct. App. 2013), *trans. denied*. "In reviewing a sentencing decision in a non-capital case, we are not limited to the written sentencing statement but may consider the trial court's comments in the transcript of the sentencing proceedings." *Corbett v. State*, 764 N.E.2d 622, 631 (Ind. 2002).

*Zavala v. State*, 138 N.E.3d 291, 299 (Ind. Ct. App. 2019).

[7]     The trial court discussed Adams' criminal history report with him and asked him if the information contained therein was correct. Adams indicated it was. The State noted Adams had "one (1) prior juvenile adjudication, three (3) prior misdemeanors and two (2) felonies . . . [and] three (3) Petitions to Revoke Probation." (Tr. Vol. II at 8.) Adams corrected the State's statement regarding his criminal history, noting that "two (2) of them (sic) Batteries were dismissed out of Wabash County." (*Id*. at 9.) The State noted the same, and the trial court acknowledged Adams' correction.

[8]     The trial court then sentenced Adams, stating:

> All right, I will sentence you to two (2) years with all suspended except for two hundred and seventy (270) days. You will be placed on Probation for the balance of that sentence. Standard terms of Probation will apply. You'll also be required, as a condition of Probation, to, um, complete the Center for Non-Violence [program]. You will be assessed a fine of two hundred dollars ($200.00) plus court costs and standard Probation user fees. And I will, um, grant the State's request for the Domestic Violence Determination. Okay.

(*Id*. at 9-10.) The trial court's written order read:

> The Defendant shall be imprisoned for a term of 2 years with 1 year, 95 days to be served on Probation, upon release. Written terms are given to the Defendant in open Court. The terms include the executed portion of the sentence. The executed portion of the sentence and the terms of Probation/Community Corrections shall not exceed the maximum allowed sentence for this offense.

(App. Vol. II at 37.) Based on the trial court's statements, we agree with Adams that it did not provide an adequate sentencing statement because it did not set forth the factors it considered when sentencing Adams. *See Eiler v. State*, 938 N.E.2d 1235, 1238 (Ind. Ct. App. 2010) (sentencing statement inadequate when trial court did not explain its reason for sentencing Eiler), *reh'g denied*. While the trial court received information regarding Adams' guilty plea and criminal history, and Adams was permitted to make a statement at sentencing, we do not know the factors the trial court considered in sentencing because of the trial court's lack of specificity.

[9] When a trial court abuses its discretion in sentencing, we have "several options." *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007). We may remand to the trial court for "clarification or a new sentencing determination" or "we may exercise our authority to review and revise the sentence" by addressing whether it is inappropriate under Indiana Appellate Rule 7(B). *Id*. Based on judicial economy concerns, we will not remand the case back to the trial court unless the sentence is inappropriate. *See id*. (affirming Court of Appeals decision to review Windhorst's sentence based on Indiana Appellate Rule 7(B) instead of remanding to trial court for entry of a sentencing statement).

## Inappropriateness of Sentence

[10] Under Indiana Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial courts decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. *Anglemyer*,

868 N.E.2d at 491. We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Adams, as the appellant, bears the burden of demonstrating his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006) (appellant bears burden of demonstrating sentence is inappropriate).

[11] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The advisory sentence for a Level 6 felony is one-and-one-half years, with a sentencing range of six months to two-and-one-half years. Ind. Code § 35-50-2-7(b). The trial court sentenced Adams to two years, with all but 270 days suspended to probation.

[12] Regarding the nature of the offense, Adams argues that while his offense is "unacceptable," it is not the "worst of the worst." (Br. of Appellant at 11.) We first note Adams did not receive the maximum sentence for his crime, which

would have been two-and-one-half years. Adams stipulated that he became angry with P.U. and pushed her with both hands on the chest, that she hit the wall, and that the couple's one-year-old daughter was present during the incident. He then called P.U. a "crybaby" and a "stupid bitch." (App. Vol. II at 26-7.)

[13] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* As noted by the State during the sentencing portion of the July 23, 2019, hearing, Adams has "one (1) prior juvenile adjudication, three (3) prior misdemeanors and two (2) prior felonies . . . [and] three (3) Petitions to Revoke Probation." (Tr. Vol. II at 8.) Adams argues these convictions are "stale and remote in time," (Br. of Appellant at 10), but does not explain how the passage of time negates the seriousness of the offenses he committed, or how they relate to the offense before us. While Adams' last conviction occurred in 2009, his continued engagement with the criminal justice system reflects poorly on his character. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (continuing to commit crimes after frequent contacts with the judicial system is a poor reflection on one's character).

[14] Further, Adams argues his guilty plea should reflect favorably on his character because "[h]is immediate acceptance of responsibility indicates reflection and

remorse for his actions regarding his wife[2] and daughter." (Br. of Appellant at 10) (footnote added). He also argues his dependents would suffer undue hardship while he completes the executed portion of his sentence. However, "[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999).

[15] While Adams' prompt acceptance of responsibility for the crime is admirable, we cannot ignore the nature of his crime, that is, violence towards the mother of his child in that child's presence, and Adams' continued involvement in criminal activity. Accordingly, we conclude Adams' two-year sentence is not inappropriate. *See Stephenson v. State*, 53 N.E.3d 557, 562 (Ind. Ct. App. 2016) (sentence above the advisory sentence not inappropriate based on the facts of a domestic violence incident and defendant's criminal history).

# Conclusion

[16] We conclude the trial court abused its discretion when it did not enter a sentencing statement including its reasons for the sentence it imposed on Adams for Level 6 felony domestic battery in the presence of a child. However, as we also conclude that Adams' sentence is not inappropriate based on the

---

[2] Adams' brief refers to P.U. as Adams' wife; however, the court's record, including Adams' statement of facts in his guilty plea, refers to her as Adams' former girlfriend and mother of the child involved in this case.

nature of his offense or his character, we decline his request to revise his sentence or to remand to the trial court for clarification of the reasons for the sentence. Accordingly, we affirm.

[17] Affirmed.

Crone, J., and Pyle, J., concur.