**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 25 2012, 8:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HOLLY HORST (GRECZEK), | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1202-CR-62 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1102-FC-21

**September 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Holly Horst appeals her sentence for fraud on a financial institution as a class C felony. Horst raises two issues, which we consolidate and restate as whether her sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

The relevant facts follow. Between March 9 and July 13, 2010, Horst used blank checks that had been stolen from Kathleen McGurk, made the checks out to herself for various amounts, and subsequently cashed the checks at First Midwest Bank, a financial institution which held money for McGurk. Horst obtained money from branches of First Midwest Bank in Hammond and Highland, Indiana, in the amount of $14,279.91.

On February 28, 2011, the State charged Horst under cause number 45G03-1102-FC-21 ("Cause No. 21"), from which this appeal arises, with: Count I, fraud on a financial institution as a class C felony; and Count II, forgery as a class C felony. On December 2, 2011, Horst pled guilty to Count I under Cause No. 21 pursuant to a plea agreement and the State agreed to dismiss Count II under Cause No. 21 and pending counts under cause number 45G03-1011-FC-114 ("Cause No. 114").[1] The plea agreement further provided that Horst's sentence would not be more than four years and would be served concurrent with the sentence imposed in Cook County, Illinois, under cause number 11CR0092101 ("Cause No. 101").

On January 5, 2012, the court held a sentencing hearing at which McGurk presented a victim impact statement and Horst made a statement. The court found no significant aggravating or mitigating circumstances, sentenced Horst to four years to be

---

[1] According to the plea agreement, the State had charged Horst with forgery as a class C felony, fraud on a financial institution as a class C felony, and theft as a class D felony under Cause No. 114.

served at in the Indiana Department of Correction, and entered judgment against Horst and in favor of McGurk in the amount of $14,279.91. The court, upon the State's motion, dismissed Count II under Cause No. 21 and the pending counts under Cause No. 114.

We initially note that Horst first argues that the trial court abused its discretion when it failed to find certain mitigators. However, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate." Mendoza v. State, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007), trans. denied; see also Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007) (holding that in the absence of a proper sentencing order, we may either remand for resentencing or exercise our authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), reh'g denied. Accordingly, we need not discuss Horst's contentions that the court abused its discretion in sentencing her if we determine that her sentence is not inappropriate.

Further, to the extent Horst fails to cite to relevant authority or relevant portions of the record or develop an argument with respect to the arguments she attempts to present on appeal, including that regarding credit time for her Indiana sentence, we note that such arguments are waived. See Cooper v. State, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was supported neither by cogent argument nor citation to authority); Shane v. State, 716 N.E.2d 391, 398 n.3 (Ind. 1999) (holding that the defendant waived argument on appeal by failing to develop a cogent argument).

Horst also argues that her sentence is inappropriate in light of the nature of the offense and her character. Ind. Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Horst argues that the offense involved stealing checks from the same elderly victim, that she was regularly employed and generally law abiding until approximately 2008, and that she developed a gambling addiction and began stealing to support that addiction. The State argues that Horst received the advisory sentence for a class C felony, that the offense is particularly disturbing in that Horst systematically looted McGurk's bank account, that Horst had five prior felony convictions which included forgery, identity theft, and financial exploitation of an elderly or disabled person, and that Horst failed to take personal responsibility for her actions and blamed her criminal activity on her alleged gambling addiction.

Our review of the nature of the offense reveals that Horst, over a period of months, used blank checks to withdraw McGurk's funds held by First Midwest Bank in the amount of $14,279.91. In her statement at sentencing, McGurk stated that she was a wheelchair-bound seventy-five year old woman who needed continual care, that Horst offered to be her caregiver at a rate which was much less than what McGurk had been paying an agency for her care, and that Horst eventually revealed to McGurk that "she

4

stole all of [McGurk's] money, approximately $70,000." Sentencing Transcript at 10. McGurk stated that her deaf and wheelchair-bound brother lived with her and also needed continual care and that she and her deceased husband had worked very hard to save the money which Horst had stolen.

Our review of the character of the offender reveals that Horst's criminal history includes convictions in 2009 for forgery, two counts of identity theft, and retail theft as felonies and driving under the influence as a misdemeanor. In 2011, Horst was convicted for financial exploitation of elderly/disabled person as a felony for which she was sentenced to four years in the Illinois Department of Corrections. The record also indicates that Horst has a pending matter in Lake County Superior Court, Indiana, for conversion and four pending criminal matters in Will County Circuit Court, Illinois.

After due consideration, we conclude that Horst has not sustained her burden of establishing that the advisory sentence of four years is inappropriate in light of the nature of the offense and her character.

For the foregoing reasons, we affirm Horst's sentence.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.