**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JULIO JOEL DELGADO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1206-CR-271 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1005-FA-18

**July 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Julio Joel Delgado appeals his sentence for child molesting as a class B felony. Delgado raises one issue, which we restate as whether his sentence is inappropriate in light the nature of the offense and his character. We affirm.

FACTS AND PROCEDURAL HISTORY

Between January 2010 and May 2010, Delgado lived in the same apartment building as T.U.'s father. At the time, T.U. was four years old and would visit Delgado at Delgado's apartment periodically. During this time period, Delgado put his mouth on T.U.'s penis and performed deviate sexual conduct on the four-year-old victim.

On May 11, 2010, the State charged Delgado with child molesting as a class A felony. Delgado and the State entered into a plea agreement filed with the court on April 5, 2012, which provided that the State agreed to file an amended information adding Count II, child molesting as a class B felony; that Delgado agreed to plead guilty but mentally ill to the amended charge of Count II; that the parties agreed Delgado would be sentenced to a minimum sentence of six years to be served in the Department of Correction with any additional sentence to be argued by the parties; and the State agreed to dismiss Count I at the time of sentencing. Delgado pled guilty pursuant to the plea agreement on April 5, 2012.

On May 14, 2012, the court conducted a sentencing hearing at which the court heard testimony from Cynthia Thurman, Delgado's case worker, and admitted exhibits of medical examination reports by Dr. R. Bhawani Prasad and Dr. Douglas W. Caruana and a psychiatric evaluation by Dr. Ebalay for the purposes of sentencing. Delgado's case worker, Cynthia Thurman, testified that Delgado had been her client for five years and

2

that her focus was building his skills for daily living, such as money management, environmental safety, cooking, and symptom management. Thurman testified that Delgado is child-like in some aspects, that he is too trusting, and that she had to work with him on not giving away food and money, not allowing strangers into his apartment, and learning to say no. Thurman indicated that at one point Delgado gave away a bed and slept on the floor of his apartment, and she later retrieved the bed. She also testified that she helped Delgado secure food stamps and Medicaid assistance and that he is unable to advocate for himself, becomes confused when asked a question and goes off on another tangent, and needs to be redirected back to focusing on providing the required information. Thurman further stated that Delgado would throw food away after going shopping and would discard food, thinking it was spoiled where it was not. She indicated that Dr. Vargas was Delgado's psychiatrist and prescribed Delgado his medications. T.U.'s father and mother read victim impact statements to the court. Delgado argued that his medical records showed that he had been diagnosed with chronic undifferentiated schizophrenia in October 2005, January 2007, and October 2009, and reviewed a number of treatment plans and other notes. The State stipulated to Delgado's mental health issues. Delgado asked the court to consider the potential hardship of incarceration on him, his mental illness and limitations, and that his offense is unlikely to recur. The State asserted that the charged act was not the only act of Delgado against T.U., but that, as shown by a police report and through the protected person hearing, Delgado touched T.U.'s bottom repeatedly and exposed himself to T.U. on multiple occasions. The State further maintained that the child protective hearing and psychiatric reports established

3

that Delgado knew right from wrong and that his mental illness had no influence over his criminal actions.

In its sentencing order, the court found as a mitigating circumstance that imprisonment of Delgado would result in hardship due to his diminished mental capacity and noted that, despite having a documented mental illness, Delgado is and has been psychologically stable for over four years. The court further found as mitigating that Delgado pled guilty and admitted responsibility. As aggravating circumstances, the court found that Delgado has a criminal history of reckless driving as a misdemeanor in March 2007 wherein he completed probation successfully; that the victim is comfortable in Delgado's presence, which is highly suggestive of a degree of manipulation by Delgado; and that evidence at sentencing indicates that Delgado had engaged in multiple inappropriate acts with the victim. The court found as additional aggravating circumstances that T.U. was four years of age, significantly less than the statutorily prescribed maximum age of a child for a class B felony, and that T.U. continues to suffer psychologically as reflected by testimony from his family at the sentencing hearing. The court stated that there is no doubt that Delgado has diminished capacity to some extent, that he graduated high school, is capable of following rules of probation, and that he is clearly able to follow rules when required to do so either through a court process or when he is trying to accomplish something such as obtaining a license or graduating high school. The court also stated that, as noted by the reviewers on competency, Delgado knew what he was doing, that he has been stable for three to four years leading up to when he was evaluated, that his deviate sexual conduct occurred multiple times, and that

there was a high degree of manipulation by Delgado of the four-year-old child. The court found that each aggravating factor, standing alone, outweighs any mitigating factor and sentenced Delgado to fifteen years in the Department of Correction. The State dismissed Count I.

## DISCUSSION

The issue is whether Delgado's sentence is inappropriate. Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate.[1] Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Delgado requests this court to revise his sentence from fifteen years to the advisory term of ten years. He maintains that "the nature of the offense is the type of conduct anticipated by the legislature in Class B felony child molesting offenses," that "[t]he young age of T.U. is an element of the offense," and that "[t]here is no aspect of violence or other factor making the offense particularly egregious or aggravated." Appellant's Brief at 6. Delgado further argues that "[t]he trial court's description of [his] illness down plays its chronic and significant nature by referring to it as 'diminished capacity'" and that "the court minimized Delgado's mental illness by finding that 'the

---

[1] To the extent that Delgado argues that the trial court abused its discretion in sentencing him, we need not address this issue because we review his sentence under Ind. Appellate Rule 7(B). See Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007) (holding that where the court on appeal finds that a trial court abused its discretion in sentencing the defendant, the court may either remand for resentencing or exercise the appellate court's authority to review the sentence under Ind. Appellate Rule 7(B)), reh'g denied.

defendant is stable and has been psychologically stable for over 4 years.'" Id. at 7 (citation omitted). He contends that Dr. Caruana opined that Delgado is mentally ill and that his records indicate longstanding treatment for schizophrenia with some paranoid themes, that his medical records reflect the chronic nature of this mental illness, and that his caseworker explained that she had been working with him for five years and described his illness as schizo-affective disorder with auditory hallucinations. Delgado states that his caseworker further described him as "child-like," that he is prone to giving away his food and money, that he gave away his bed and cannot distinguish when his food is spoiled, and that he does not know how to manage his medications. Delgado asserts that, given his chronic, significant mental illness, his inability to protect himself while incarcerated, his child-like demeanor, his remorse, and his guilty plea, his fifteen-year sentence is inappropriate and the advisory sentence should be imposed consistent with precedent in mental illness cases.

The State's position is that Delgado's sentence is appropriate in light of the nature of the offense, pointing out that Delgado lived in the same apartment building as T.U.'s father, that T.U. was four years old, that T.U. would visit Delgado's apartment periodically, that Delgado committed at least one deviate sexual act on T.U. by placing his mouth on T.U.'s penis, that Delgado took advantage of his relationship with T.U.'s father and with the victim, and that T.U.'s father trusted Delgado to treat his four-year-old son properly and Delgado violated that trust. The State further maintains that Delgado's character compels the sentence imposed by the trial court, that while Delgado's criminal history is minimal it does not indicate that Delgado is of upstanding

6

character, and that the trial court considered the fact that Delgado was able to successfully complete probation as an indication that he was capable of following rules and obeying the law when he was required to do so. The State argues that the court considered the presentence investigation report ("PSI") and attachments, including Delgado's mental and psychological assessments, that the record is void of any evidence indicating that Delgado did not know right from wrong or that he could not control his actions due to mental health problems, and that Delgado never established a nexus between his mental health problems and the crime. The State also maintains that it is Delgado's burden to establish the inappropriateness of his sentence and that he has not done so.

Our review of the nature of the offense reveals that Delgado put his mouth on four year old T.U.'s penis between January and May 2010, that T.U.'s father lived in the same apartment building as Delgado, and that T.U. would visit Delgado's apartment periodically. The victim impact statements of T.U.'s parents indicate that T.U. had attended therapy, and that T.U. began to go to the bathroom in his pants after he had been potty trained for two years, started to sleep with her again, had nightmares regularly, and had to learn to cope with life in a new way.

Our review of the character of the offender reveals that, according to the PSI, Delgado's previous criminal history includes convictions for theft as a class A misdemeanor in 2001 for which he was discharged satisfactorily from probation and reckless driving as a class B misdemeanor in 2007 for which he was again satisfactorily discharged from probation. While the bar graph set forth in the risk assessment section of

7

the PSI indicates Delgado is in the low to moderate category with respect to seven areas of assessment, the PSI also states that Delgado's overall risk assessment score places him in the high risk to reoffend category. The State has stated below and on appeal that Delgado's chronic mental illness is not questioned, and the record reveals that Delgado has been treated for schizophrenia, including symptoms of delusional thoughts, isolation, and unstable mood. Dr. Caruana stated in a letter to the court that, in evaluating Delgado for the purpose of addressing the issue of insanity, Delgado was reasonably alert, oriented, and responsive, that his speech was clear and coherent, that his short term and remote memory were intact, that his records indicate longstanding treatment for schizophrenia with some paranoid themes, and that Delgado did not describe having experienced any distortions of perception, auditory hallucinations, or other extreme impairments at the time. Dr. Prasad stated in a letter to the court, that in meeting with Delgado for the purpose of evaluating his competency to stand trial, Delgado did not show any depression or psychotic symptoms and that his psychiatric records show that he has been stable for at least the last four years. The record also shows that Delgado had been living independently in his apartment during the period of time he committed the offense and had satisfactorily completed the terms of his probation on two prior occasions. The record does not establish that there was a connection between Delgado's conduct and his mental illness.

Under the circumstances and after due consideration of the trial court's decision and of the record, we conclude that Delgado has not sustained his burden of establishing

8

that his sentence of fifteen years is inappropriate in light of the nature of the offense and his character.

## CONCLUSION

For the foregoing reasons, we affirm Delgado's sentence for child molesting as a class B felony.

Affirmed.

BRADFORD, J., concurs.

RILEY, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JULIO JOEL DELGADO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1206-CR-271 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

**RILEY, Judge, dissenting**

I respectfully disagree with the majority to affirm the trial court's sentencing decision. Based on the record before me, I do not believe a fifteen year sentence to be appropriate in light of Delgado's character and nature of the offense.

Delgado is chronically mentally ill, suffering from schizophrenia with some paranoid themes, distortions, and auditory hallucinations. Although Delgado was found to have been psychologically stable for the past four years, he is under extensive medical and social treatment plans. He is child-like, too trusting, has difficulty managing his medications, and cannot live independently within the community. Because he is unable to protect himself or stand up for himself, he faces an increased risk in the penal system.

Delgado's criminal history is minimal. He has been convicted of two prior, unrelated misdemeanors, in 2011 and 2007 respectively. Both times, he successfully

completed probation. Even though the trial court interpreted this information as evidence that Delgado is capable of following rules, I prefer to view it as an indication that he is a promising candidate for a probationary sentence.

Based on the evidence before me, I conclude that a fifteen year sentence is inappropriate in light of Delgado's character and the nature of the offense. I would reduce his sentence and impose the advisory term of ten years.