**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 23 2015, 10:10 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEREMY K. NIX**
Matheny Hahn Denman & Nix, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GRAHAM T. YOUNGS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS J. THACKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A02-1408-CR-539 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No. 35D01-1211-FD-253

**January 23, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Thomas Thacker (Thacker), appeals his sentences for two Counts of theft, Class D felonies, Ind. Code § 35-43-4-2(a) (2013).

We affirm.

## ISSUE

Thacker raises two issues on appeal, which we consolidate and restate as the following single issue:  Whether the trial court abused its discretion by failing to issue a sentencing statement.

## FACTS AND PROCEDURAL HISTORY

On September 3, 2012, Kenneth Thacker (Kenneth) and his wife, Karen Thacker (Karen) (collectively, the Thackers), returned to their home in Huntington County, Indiana from their one-week cruise to Jamaica.  Upon inspecting their home, the couple discovered that their Whirlpool refrigerator/freezer was missing from their garage.  Also missing was an electric drill and an electric saw (Tools).  Kenneth contacted the police and reported the break-in, and Officer Mel Hunnicutt (Officer Hunnicutt) of the Huntington Police Department was sent to the residence to investigate.  The Thackers informed Officer Hunnicutt that their son, Thacker, had stolen from them before and they suspected that he had done it again.  Karen, however, stated that she had allowed Thacker to borrow the Tools.

2

After further investigation, Officer Hunnicutt determined that while the couple was away on vacation, Thacker sold to Russ Covey (Covey) an electric drill, an electric saw, and an aluminum ladder—which was later identified as belonging to Thacker's brother—for $100. When Thacker sold the items to Covey, he stated that he needed money to buy school supplies for his children. Although the family recovered the missing items, the refrigerator was never recovered.

On June 27, 2014, the State filed an Information charging Thacker with two Counts of theft, Class D felonies, I.C. § 35-43-4-2(a)(2013). On July 10, 2014, a jury trial was held. At the close of the evidence, Thacker was found guilty as charged, and on July 15, 2014, the trial court sentenced Thacker to three years on each Count, all to be served concurrently in the Department of Correction.

Thacker now appeals. Additional information will be provided as necessary.

DISCUSSION AND DECISION

Thacker argues that the trial court abused its discretion by not entering a sentencing statement. We note that a "trial court's sentencing determination is within its discretion, and we will reverse only for an abuse of that discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g by* 875 N.E.2d 218 (Ind. 2007). The trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* We may find an abuse of discretion if the trial court does not provide a sentencing statement, the sentencing statement is not supported by the record, the

sentencing statement omits reasons clearly supported by the record and advanced by the defendant, or the trial court's reasons for sentencing are improper as a matter of law. *Id.* at 490-91. In a felony case, the trial court must give a reasonably detailed recitation of the reasons for the sentence imposed. *Id.* at 490. In reviewing sentencing decisions, we consider both the written and oral sentencing statements. *Corbett v. State*, 764 N.E.2d 622, 631 (Ind. 2002).

Thacker is correct when he asserts the trial court must issue a sentencing statement for felony convictions and, here, the trial court did not. This notwithstanding, we note that where a trial court has failed to enter a sentencing statement, we may either remand for a new sentencing statement or exercise our authority to review the sentence under Indiana Appellate Rule 7(B). *See Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007), *reh'g denied*.

Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." If the defendant's sentence is not inappropriate, we may affirm the sentence despite an inadequate sentencing statement. *See Windhorst*, 868 N.E.2d at 507. In light of the foregoing, we elect to address whether Thacker's sentence is inappropriate under App. R. 7(B).

In determining whether a sentence is inappropriate, the advisory sentence "is the starting point the legislature has selected as an appropriate sentence for the crime

4

committed." *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006).  The sentencing range for a Class D felony is between six months and three years, with the advisory sentence being one and one-half years.  I.C. § 35-50-2-7(a) (2013).  Here, the trial court imposed maximum concurrent sentences of three years on each Count of theft.

Turning to the nature of Thacker's offenses, we find nothing particularly noteworthy.  However, we note that this is Thacker's second theft conviction.  In 2010, Thacker was convicted of theft, which indicates that Thacker does not respect the property of others.  In addition, the victims in this case were member of his family and they were deprived of the value of the refrigerator, Tools and a ladder that Thacker was not authorized to sell.

As for his character, he points out that his "good character," evidenced by his ability to care for his children, overshadows his lengthy criminal history.  (Appellant's Br. p. 10).  Thacker claims that he used the money he gained from the sale of the Tools to purchase "school supplies for his daughter."  (Appellant's Br. p. 10).  Despite his assertions, the record undermines his argument.  At trial, Thacker admitted he had failed to make his court-ordered child support payment of $26 from August through December 2012.  Moreover, Thacker's criminal history speaks volumes as it demonstrates his unwillingness to obey the law and learn from his mistakes.  In 2000 and 2002, Thacker was twice convicted for possession of marijuana.  In 2006, he was convicted of several felonies including check deception, as well as nine counts of check fraud that were all reduced to Class A misdemeanors.  From July 2008 to June 2009, again, he was convicted of check

5

fraud, theft, and two counts of forgery. Shortly after committing the instant crimes, in January 2013, Thacker was convicted of false informing, possession of paraphernalia, and reckless driving. Each time Thacker was placed on probation, he violated it. At the time he committed the instant offense, he was on probation.

Although Thacker purportedly wanted to use the money for the benefit of his children, that was no justification for him to break the law. More importantly, Thacker's criminal history does not suggest that he has led a law-abiding life; rather, it decidedly demonstrates a dedication to a criminal lifestyle which indeed reflects poorly on his character.

Accordingly, under the facts and circumstances before us, and giving proper deference to the trial court's sentencing discretion, we cannot conclude that the maximum sentence was inappropriate in this case.

## CONCLUSION

Based on the foregoing, we conclude that Thacker's sentence was appropriate.

Affirmed.

VAIDIK, C.J. and BAKER, J. concur