## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 22 2015, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Laura Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Earl Edwards,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 22, 2015

Court of Appeals Case No.
61A01-1411-CR-502

Appeal from the Parke Circuit Court

The Honorable Samuel A. Swaim, Judge

Case No. 61C01-1306-MR-144

**Crone, Judge.**

## Case Summary

[1] Earl Edwards appeals the sixty-year sentence imposed by the trial court following his guilty plea to murder, class B felony criminal confinement, and class D felony theft. He contends that the trial court abused its discretion

during sentencing. Specifically, he asserts that the trial court failed to identify and consider his guilty plea as a significant mitigating factor. Finding no abuse of discretion, and also concluding that his sentence is not inappropriate, we affirm.

## Facts and Procedural History

[2] On June 13, 2013, Edwards tied up Kathryn Bays and confined her without her consent. He then stabbed her forty-six times with a knife. He also bludgeoned her in the head multiple times with a hammer, stole her credit card, and left her lying in a pool of blood on the kitchen floor of her Parke County home. Edwards fled to Georgia. The following day, Edwards called Parke County authorities and informed them that he and Bays had been in an altercation, that he stabbed her, and that he knew that she was dead when he left her residence. Edwards turned himself in to Georgia police. After he was transported back to Indiana, Edwards was interviewed by detectives at the Parke County Sheriff's Office. Edwards stated that he and Bays were in a romantic relationship and that he believed she was having an affair and was planning to kick him out of her residence. Edwards informed the detectives that he had told a friend that if Bays ever kicked him out that he would "tie her up, f**k her, kill her and then kill hisself [sic]." Sentencing Tr. at 9. He admitted that he followed through with that threat and murdered Bays.

[3] The State charged Edwards with murder, class B felony criminal confinement, and class D felony theft. Thereafter, Edwards pled guilty as charged. Pursuant to the plea agreement, sentencing was left to the trial court's discretion, but the

State agreed that, in exchange for the guilty plea, Edwards would receive concurrent sentences. Following a hearing, the trial court imposed concurrent sentences of sixty years for murder, ten years for criminal confinement, and one and one-half years for theft. This appeal ensued.

## Discussion and Decision

Edwards claims that the trial court abused its discretion during sentencing by failing to identify and consider his guilty plea as a significant mitigating factor. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 491. A trial court abuses its discretion during sentencing by: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

[4] In its opinion on rehearing in *Anglemyer*, our supreme court noted that:

> a defendant who pleads guilty deserves "some" mitigating weight be given to the plea in return. But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to

establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. And the significance of a guilty plea as a mitigating factor varies from case to case. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, or when the defendant receives a substantial benefit in return for the plea.

875 N.E.2d at 221 (citations omitted).

[5] Here, faced with a murder charge and a class B and a class D felony, Edwards was exposed to a potential maximum sentence of eighty-eight years. In exchange for his guilty plea, he received the promise of concurrent sentencing, meaning he reduced his maximum exposure by at least twenty-three years.[1] This was a substantial benefit. In addition, the evidence against Edwards was overwhelming as he was in a relationship with the victim, he conveyed to a friend prior to the murder that he planned to commit the murder, and he eventually turned himself in to authorities and admitted to the gory details of his crime. We disagree with his claim that his "consistent expression of remorse and acceptance of responsibility" obligated the trial court to assign significant mitigating weight to his guilty plea. Appellant's Br. at 8. Our review of the record reveals that Edwards's decision to plead guilty was much more likely the result of pragmatism than true acceptance of responsibility. We conclude that the trial court did not abuse its discretion by omitting reference to

---

[1] We note that the trial court imposed a sixty-year aggregate sentence, which was even five years lower than the maximum Edwards could have received under the plea agreement.

Edwards's guilty plea when imposing his sentence and in declining to find it significant.

[6] Moreover, even if a trial court abuses its discretion in its findings or non-findings of aggravators and mitigators, we may choose to review the appropriateness of a sentence under Indiana Appellate Rule 7(B) instead of remanding to the trial court. *See Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007). Pursuant to Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] We need look no further than the nature of Edwards's offenses to be convinced that his aggregate sixty-year sentence is not inappropriate. First, Edwards tied Bays up and confined her without her consent. He proceeded to stab her forty-six times with a knife and bludgeon her in the head multiple times with a hammer. He then stole her credit card and left the home. Her body was eventually discovered lying on the blood-covered kitchen floor of her home. The autopsy indicates that Bays torturously endured the forty-six stab wounds to her body before dying from "open head injuries secondary to multiple blows

to the head" consistent with being hit with a hammer. State's Ex. 1. Given that the nature of these crimes was incredibly violent and that the advisory sentence for murder is fifty-five years,[2] under the circumstances, a sixty-year aggregate sentence is not inappropriate. Edwards has not demonstrated that a sentence revision is warranted.

[8] Affirmed.

May, J., and Bradford, J., concur.

---

[2] Ind. Code § 35-50-2-3