## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 05 2015, 9:09 am

*Kevin S. Smith*

**CLERK**
of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles S. Tink,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 5, 2015

Court of Appeals Case No.
54A05-1410-CR-492

Appeal from the Montgomery Circuit Court

The Honorable Peggy Q. Lohorn, Special Judge

Case No. 54C01-0706-FA-79

**Crone, Judge.**

## Case Summary

[1] Charles S. Tink appeals the thirty-five year sentence imposed by the trial court upon resentencing for his class A felony burglary conviction. Tink contends

that the trial court abused its discretion during resentencing and that the sentence is inappropriate in light of the nature of the offense and his character. Choosing to review only the appropriateness of his sentence, we conclude that Tink has not met his burden to demonstrate that his sentence is inappropriate. Therefore, we affirm his sentence.

## Facts and Procedural History

[2] On June 5, 2007, Tink and a woman named Jamie Ingram committed burglary against Greg Myers. During the burglary, Tink struck Myers in the head several times, put him in a chokehold, and threatened to kill him and his family if he contacted police. Myers, who was bleeding from his nose and mouth, briefly lost consciousness. After regaining consciousness, Tink and Ingram continued hitting Myers in the head, and Tink put him in a second chokehold, causing him to again lose consciousness, but this time for a longer period. After regaining consciousness, Myers was hit again. The attack lasted ten to fifteen minutes, and Myers suffered a broken nose with a deviated septum, facial fractures, dislocated jaw, bloody nose and mouth, bruised face, neck, and chest, and sore throat.

[3] The State charged Tink with class A felony burglary, class B felony burglary, class C felony battery, class D felony intimidation, and class D felony strangulation. The State also alleged that Tink was a habitual offender. Following a jury trial, Tink was found guilty as charged. During sentencing, the trial court merged Tink's lesser convictions into the class A felony burglary and imposed a forty-year sentence, enhanced by thirty years based upon the

habitual offender finding, for an aggregate seventy-year sentence. We affirmed Tink's conviction and sentence on direct appeal. *See Tink v. State*, No. 54A01-0712-CR-547 (Ind. Ct. App. Aug. 8, 2008), *trans. denied*.

[4]     Thereafter, Tink filed a petition for postconviction relief. The parties subsequently agreed to a joint motion to dismiss the postconviction petition with prejudice. As part of the agreement, the State agreed to allow the trial court to vacate Tink's habitual offender finding as well as his merged convictions, with prejudice. The State also agreed to allow the trial court to resentence Tink for class A felony burglary, provided that the maximum imposed sentence would not exceed thirty-five years. The trial court approved the joint motion to dismiss.

[5]     On September 29, 2014, the trial court held a sentencing hearing and resentenced Tink to thirty-five years for class A felony burglary. This appeal followed.

## Discussion and Decision

[6]     Tink challenges the thirty-five-year sentence imposed by the trial court during resentencing for his class A felony burglary conviction. He argues that the trial court abused its discretion during resentencing in its findings of aggravators and mitigators and also that his thirty-five-year sentence is inappropriate. However, even assuming that a trial court abuses its discretion in its findings or non-findings of aggravators and mitigators, we may choose to review the appropriateness of a sentence under Indiana Appellate Rule 7(B) instead of

remanding to the trial court for resentencing. *See Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007). Because we may dispose of this case solely upon an Appellate Rule 7(B) analysis, we will do so.

[7] Pursuant to Appellate Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] We note that another panel of this Court conducted a 7(B) review of Tink's original seventy-year aggregate sentence and concluded that neither the nature of the burglary nor Tink's character warranted a sentence reduction. *Tink*, slip op. at 8. Regarding the nature of the offense, we noted the extreme violence and senselessness of Tink's crime as well as the severity of the injuries caused to his victim. *Id*. Moreover, due to his violent criminal history and his failure to address alcohol abuse problems, we concluded that Tink's character was "not impressive." *Id*.

[9] Tink concedes that the nature of the offense has not changed since his original sentencing, and he does not challenge the previously identified evidence of his

poor character. Instead, Tink points to positive behavior he has exhibited in prison and argues that his "significant positive strides towards rehabilitation" should persuade us that a lesser sentence than the thirty-five-year sentence imposed by the trial court upon resentencing is warranted. Appellant's Br. at 8. We are not so persuaded.

[10] The sentencing range for a class A felony is between twenty and fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. The parties' dismissal agreement approved by the trial court capped Tink's sentence at thirty-five years, well below the maximum sentence allowable by statute but slightly above the advisory. The trial court's decision to impose a thirty-five-year sentence acknowledges the approved agreement while continuing to recognize the severity of Tink's crime and the damage done to others. Further, while Tink's recent strides toward rehabilitation are commendable, they do not eliminate his prior criminal history.

[11] The principal role of appellate review "should be an attempt to leaven the outliers," not to achieve a perceived "correct" result in each case. *Cardwell*, 895 N.E.2d at 1225. Indeed, "[t]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate: rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The thirty-five-year sentence imposed by the trial court upon resentencing is not an outlier and, under the circumstances, Tink has not met his burden to demonstrate that his sentence is inappropriate in light of the nature of the offense or his character. Therefore, we affirm his sentence.

[12] Affirmed.

May, J., and Bradford, J., concur.