## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 12 2018, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Carlos I. Carrillo
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Julio Cesar Pina,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

July 12, 2018

Court of Appeals Case No.
18A-CR-291

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J.
Williams, Judge

Trial Court Cause No.
79D01-1710-F3-27

**Brown, Judge.**

[1]     Julio Cesar Pina appeals his sentence for rape as a level 3 felony and certain conditions of his probation. Pina raises two issues which we revise and restate as:

> I.      Whether his sentence is inappropriate in light of the nature of the offense and his character; and
>
> II.     Whether certain conditions of his probation are reasonably related to his rehabilitation and protecting the public.

We affirm in part, reverse in part, and remand.

## Facts and Procedural History

[2]     During the early morning hours of October 22, 2017, Pina left his apartment, walked for about forty-five minutes to Walmart to purchase cigarettes, walked around Walmart for about an hour, and then left to return home. While on his way home, he observed D.S., whom he did not know, delivering papers at Dollar General in Lafayette. Pina forcibly grabbed D.S. and pushed her to the ground. D.S. began screaming, and Pina threatened that, if she did not stop screaming, he would hurt her. He removed D.S.'s pants and had sexual intercourse with her, and D.S. repeatedly asked him not to hurt her. He ejaculated on the ground and left the area. D.S.'s daughter and her daughter's friend were asleep in D.S.'s vehicle during the assault. Pina later gave a statement to the police in which he admitted to placing his finger in D.S.'s vagina and having sexual intercourse with her, that the intercourse lasted two or three minutes, and that he told her to stop screaming or he would hurt her.

[3] On October 31, 2017, the State charged Pina with two counts of rape as level 3 felonies. Pina and the State entered into a plea agreement pursuant to which Pina would plead guilty to one count of rape as a level 3 felony and the other count would be dismissed. On December 12, 2017, the court held a guilty plea hearing at which Pina pled guilty pursuant to the plea agreement. On January 9, 2018, the trial court held a sentencing hearing. D.S. testified regarding how the assault has changed her, that she is scared all the time, that Pina took her sense of well-being and security from her, that her daughter and her daughter's friend, who was fourteen years old, were asleep in the car and were devastated when they learned what had occurred, and that the children have been deeply affected. Pina stated that he was sexually abused when he was four years old by his babysitter and when he was eleven by another child. He also stated that he took full responsibility for his crime, that he made "a very bad mistake," and that he harmed an innocent woman. Transcript Volume 2 at 37. The court found Pina's guilty plea, that he had taken responsibility, and that he had a support system to be mitigating circumstances. It found his juvenile and adult criminal history, substance abuse history, failed attempts at rehabilitation, the recommendation of the victim, and that the harm, injury, loss, or damage suffered was significant and greater than the elements necessary to prove the commission of the offense to be aggravating circumstances. The court found that the aggravating circumstances outweighed the mitigating circumstances and sentenced Pina to fifteen years with two years suspended to supervised probation. It also entered special probation conditions for sex offenders.

## Discussion

### I.

[4] The first issue is whether Pina's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[5] Pina argues, with respect to the nature of the offense, that he was intoxicated at the time of the offense, reported a long struggle with alcohol, and would not have committed the crime if he were sober. With respect to his character, he asserts that he expressed remorse, took responsibility for his crime, pled guilty, would not have committed the offense if he had not been intoxicated, had been the victim of sexual abuse when he was younger, was self-sufficient, had an extensive work history, and had significant family support. He states that his criminal history is explained by his long struggle with substance abuse.

[6] The State argues that Pina raped unsuspecting D.S. at random, that he saw an opportunity to commit a crime and took it, that he knew there were children nearby, and that he dragged D.S. to the side of the building, knocked her to the ground, pulled her pants off, penetrated her vagina with his penis, and threatened her. It argues the manner of Pina's sexual assault and threats

demonstrate the particularly egregious nature of his actions. The State also points out that Pina committed several offenses that would have been felonies if he had committed them as an adult and, while he attempts to pin his actions on his drunkenness the night he raped D.S. and the fact he has a drug problem, he had numerous opportunities to address those problems prior to this offense and that his illegal drug and alcohol use demonstrates that he has not been living a law-abiding life.

[7]     Pina was convicted of rape as a level 3 felony. Ind. Code § 35-50-2-5 provides that a person who commits a level 3 felony shall be imprisoned for a fixed term of between three and sixteen years, with the advisory sentence being nine years. The court sentenced him to fifteen years with thirteen years executed and two years suspended to probation.

[8]     Our review of the nature of the offense reveals that, in the early morning hours, Pina forcibly grabbed D.S., pushed her to the ground, threatened to hurt her if she continued to scream, removed her pants, and had sexual intercourse with her. He also admitted to placing his finger in her vagina. D.S. testified as to the impact the assault has had on her, her fourteen-year-old daughter, and her daughter's friend. To the extent Pina argues his intoxication at the time of his crime warrants a reduction of his sentence, we observe that the presentence investigation report ("PSI") states that Pina reported, "I was highly intoxicated on 18+ beers and 2 shots of vodka," Appellant's Appendix Volume 3 at 12, and that the trial court stated at sentencing that it did not believe Pina's report and noted that Pina had walked for forty to forty-five minutes to Walmart, walked

around Walmart for one hour, and then walked for at least one-half hour to return, and that, in any event, his intoxication was not a defense.

[9] Our review of the character of the offender reveals that Pina, who was born in October of 1996, pled guilty to rape as a level 3 felony and expressed remorse and took responsibility for his actions. The PSI indicates that his juvenile criminal history includes adjudications for leaving home without permission in September 2008; theft as a class D felony if committed by an adult in June 2010; auto theft as a class D felony if committed by an adult and leaving home without permission in October 2011; residential entry as a class D felony if committed by an adult and a delinquency alcohol violation in March 2013; and escape and theft as class D felonies if committed by an adult in July 2013. The PSI further indicates that Pina's adult criminal history includes charges of operating a vehicle without ever receiving a license as a class C misdemeanor and possession of marijuana as a class B misdemeanor filed on February 28, 2017, for which Pina failed to appear in March 2017. A warrant was issued but then recalled, and charges of three counts of theft as class A misdemeanors and possession of marijuana as a class B misdemeanor were filed on February 24, 2017. Again Pina failed to appear, a warrant was issued, and the case is pending. The PSI states that Pina received numerous services including probation, home detention, secure detention, residential placement, and counseling, that he had seven petitions for modification filed against him of which at least six were granted, and that he was out on bond in the case filed on February 24, 2017, when he committed the instant offense.

[10] In addition, the PSI indicates that Pina's employment history includes working as a dish washer, detailer, laborer, and roofer, and that he reported earning $750 per month. With respect to substance abuse, the PSI states that Pina reported that he consumed alcohol until intoxicated once per month between ages fifteen and sixteen and once per week between ages twenty and twenty-one, that he used marijuana every day between ages fourteen and eighteen and weekly between ages nineteen and twenty-one, that he used cocaine weekly for four months between the ages of twenty and twenty-one, and that he used Xanax twice per week between the ages of eighteen and twenty. He was ordered to complete a substance abuse evaluation at Wabash Valley in 2011, reported completing treatment while committed to the Boys' School in 2014, and was ordered to complete a drug/alcohol evaluation and all recommended counseling with court services in 2017. The PSI also indicates that Pina's overall risk assessment score using the Indiana risk assessment system places him in the high risk to reoffend category.

[11] After due consideration, we conclude that Pina has not sustained his burden of establishing that his sentence of fifteen years with two years suspended to probation is inappropriate in light of the nature of the offense and his character.[1]

---

[1] With respect to the court's finding that the harm, loss, or damage suffered was significant or greater than the elements necessary to prove the commission of the offense Pina also argues, that his actions or statements should not have been used to enhance his sentence. To the extent he argues the court abused its discretion in sentencing him, we need not address this issue because we find that his sentence is not inappropriate under Ind. Appellate Rule 7(B). *See Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012) (noting that

The next issue is whether certain conditions of Pina's probation are reasonably related to his rehabilitation and protecting the public. The special probation conditions provide in part:

> 8. You are prohibited from accessing or using certain web sites, chat rooms, or instant messaging programs frequented by children. You are prohibited from deleting, erasing, or tampering with information on your personal computer with intent to conceal an activity prohibited by this condition. . . .
>
> 9. You shall not use a social networking web site or an instant messaging or chat room program to communicate, directly or through an intermediary, with a child less than sixteen (16) years of age. This includes your own child, stepchild, sibling or another relative. If you want to communicate with your own child, stepchild, sibling or another relative by using a social networking web site or an instant messaging or chat room program, you may only do so with a written order of this court that specifically names the relative(s) with whom you can communicate. . . .
>
> * * * * *
>
> 27. You shall abide by all the terms of the electronic device user agreement for sex offenders (see attached).

---

any error in failing to consider the defendant's guilty plea as a mitigating factor is harmless if the sentence is not inappropriate) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007) (holding that, in the absence of a proper sentencing order, Indiana appellate courts may either remand for resentencing or exercise their authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), *reh'g denied*; *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*), *trans. denied*.

Appellant's Appendix Volume 2 at 72, 74. The attached Electronic Device

User Agreement, in the second initialed paragraph, provides:

> Client shall obtain prior approval from the Supervising
> Officer/Designee to engage in the following activities:
>
> ___ Web browsing (including but not limited to surfing).
>
> ___ Email (all email accounts must have prior approval).
>
> ___ Interpersonal communication (including but not limited to
> chatting, texting and instant messaging).
>
> ___ Producing web content (including but not limited to a web
> site, Facebook, Myspace, and other social networking site
> pages, YouTube, Podcasting, blogging, vlogging,
> Personals (Craigslist, Backpage, etc..).
>
> ___ Participating in social networking activities
>
> ___ Internet related telephone communication (including but
> not limited to using Voice Over Internet Protocol).
>
> ___ File sharing by any method (including, but not limited to
> Peer to Peer, Internet Relay Chat, attachments to emails,
> iTunes).

*Id.* at 75. The user agreement also included other paragraphs which prohibited

Pina from using the computer for any purpose which might further sexual

activity including possession or viewing of material that is sexual in nature.

[13] In *Weida v. State*, the Indiana Supreme Court observed that a court abuses its

discretion when the probation conditions imposed are not reasonably related to

rehabilitating the defendant and protecting the public. 94 N.E.3d 682, 687 (Ind.

2018). The Court noted that certain probation conditions in that case, which

included the same conditions as those in Paragraphs 8 and 9 in this case,

worked together to limit Weida's contact or communication with children through any means including the internet and found that, because Weida committed a sex crime against a child, it was reasonable to restrict his access to children through any medium. *See id*. at 689-690. The Court also noted that one of the probation conditions prohibited Weida from accessing the internet without the prior approval of his probation officer and concluded that the condition's broad prohibition on internet access but for the court's or the probation officer's permission was not reasonably related to Weida's rehabilitation or maintaining public safety. *Id*. at 691-692.

[14] Pina argues in part that the restrictions in Paragraphs 8, 9, and 27, and the electronic device user agreement, which he asserts seems to restrict any and all internet activity without prior approval of the probation officer, are not reasonably related to his rehabilitation and maintaining public safety, that this case does not involve a crime against a child, and that his crime did not relate to any use of the internet.

[15] The State agrees that Pina's crimes were not perpetrated against a child and that the conditions in Paragraphs 8 and 9 are not reasonably related to Pina's rehabilitation and protecting the public, and it agrees that Pina did not use the internet to commit his crime and the provision of the electronic device user agreement set forth above requiring prior approval before accessing the internet is invalid. It contends that, after striking the problematic provision related to prior approval from the user agreement, the remainder of the user agreement is reasonably related to his rehabilitation. The State requests that we remand with

instructions to remove the conditions in Paragraphs 8 and 9 and to remove that part of the user agreement which requires Pina to obtain prior approval before using the internet.

[16] As the State notes, Pina did not commit a sex crime against a child and the conditions in Paragraphs 8 and 9 relate to children. We also observe that the electronic device user agreement contains a broad prohibition on internet access absent prior approval. Based on the language of the special conditions and the user agreement, and in light of *Weida* and the State's agreement that remand is necessary, we remand for the entry of amended special probation conditions which do not include the conditions set forth in Paragraphs 8 and 9 as described above and an amended electronic device user agreement which does not include a condition that requires Pina to obtain approval prior to using the internet.

## *Conclusion*

[17] For the foregoing reasons, we affirm Pina's sentence for rape of fifteen years with two years suspended as a level 3 felony and remand for entry of amended special probation conditions and an electronic device user agreement consistent with this opinion.

[18] Affirmed in part, reversed in part, and remanded.

Bailey, J., and Crone, J., concur.