## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 29 2018, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Frederick A. Turner
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dutch A. Choate,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 29, 2018

Court of Appeals Case No.
18A-CR-814

Appeal from the Morgan Superior Court

The Honorable Brian H. Williams, Judge

Trial Court Cause No.
55D02-1701-F2-34

**Najam, Judge.**

# Statement of the Case

Dutch A. Choate appeals his conviction, following a jury trial, for possession of methamphetamine, as a Level 4 felony, and his sentence. Choate raises the following two issues for our review:

1. Whether the State presented sufficient evidence to support his conviction.

2. Whether the trial court erred when it sentenced him to an aggravated sentence for a felony conviction without entering a sentencing statement.

We affirm in part, reverse in part, and remand for resentencing.

# Facts and Procedural History

On December 24, 2016, at 5:00 a.m., Morgan County Sheriff's Department Officer Timothy Coryell went to a residence in Mooresville to serve an arrest warrant on Lee Harley Davidson Bates. Amber Harless, who lived at the residence, answered the door and gave Officer Coryell permission to enter and locate Bates. However, instead of entering personally, Officer Coryell informed other officers that Harless had indicated Bates was inside the residence, and other officers entered with a canine unit.

Officers apprehended Bates in the basement of the residence. There, Mooresville Police Department Officer Mark Harris, who was assisting Officer Coryell, heard "unknown people moving around" upstairs, which told Officer Harris that "the scene [wa]s not secure" and "could still pose a danger to the

law enforcement officers inside . . . ." Tr. Vol. 3 at 33. Accordingly, Officer Harris went upstairs to secure the residence.

[5] Officer Harris entered Harless' bedroom and looked under her bed, where he observed Choate "laying on his stomach" with "his hands in front of him." *Id.* at 35. Officer Harris observed that Choate "had his hands on top of two baggies with a large amount of substance" in them, which Officer Harris "later determined to be methamphetamine[]." *Id.* at 37. After extracting Choate from underneath the bed, officers further observed under the bed a tray, a glass smoking pipe with some residue on it, and paraphernalia. Officers arrested Choate.

[6] The State charged Choate with multiple offenses. After a jury trial, the jury found him guilty of possession of methamphetamine, as a Level 4 felony. The trial court entered its judgment of conviction and then sentenced Choate to an enhanced term of ten years executed in the Department of Correction. However, neither in its oral pronouncement of Choate's sentence nor in its written sentencing order did the court identify any aggravating factors or otherwise explain its basis for Choate's sentence. This appeal ensued.

## Discussion and Decision

### Issue One: Sufficiency of the Evidence

[7] Choate first argues on appeal that the State failed to prove his possession of the methamphetamine. For sufficiency challenges, we neither reweigh evidence nor judge witness credibility. *Gibson v. State*, 51 N.E.3d 204, 210 (Ind. 2016).

We consider only the evidence most favorable to the judgment together with all reasonable inferences that may be drawn from the evidence. *Id.* We will affirm the judgment if it is supported by substantial evidence, even if the evidence is conflicting. *Id.*

[8] Possession can be either actual or constructive. "A person actually possesses contraband when she has direct physical control over it." *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). However, "[w]hen the State cannot show actual possession, it may nonetheless prevail on proof of constructive possession." *Id.* "A person constructively possesses contraband when the person has (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it." *Id.*

[9] Choate argues on appeal that the State failed to show that he constructively possessed the two baggies of methamphetamine. But the State's evidence shows that, when Officer Harris discovered Choate under Harless' bed, Choate had "his hands on top of two baggies" filled with methamphetamine. Tr. Vol. 3 at 37. This is not a constructive possession case. When caught, Choate was in actual possession of the methamphetamine.

[10] Still, Choate argues on appeal that he just "jumped under the bed to hide" and in doing so just happened to be near contraband that was already there. Appellant's Br. at 10. Choate's argument is neither here nor there on appeal. The question before us is whether the State presented sufficient evidence to support the jury's verdict. The State did so by showing that Choate had direct

physical control over the methamphetamine when Officer Harris found him. We affirm his conviction.

### *Issue Two: Sentence*

[11] Choate next contends on appeal that the trial court erred when it sentenced him to an enhanced term for a Level 4 felony without an explanation for that sentence. The State concedes that the trial court erred in this respect when it sentenced Choate, and we agree. *See Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) ("One way in which a trial court may abuse its discretion [in sentencing] is failing to enter a sentencing statement at all.").

[12] However, the parties dispute the proper remedy for this error. Choate argues that he is entitled to the advisory sentence, as Indiana Code Section 35-38-1-1.3 (2018) requires a sentencing statement be made in the pronouncement of a sentence for a felony conviction "unless the court imposes the advisory sentence for the felony." Thus, Choate reasons, because the trial court did not enter the required sentencing statement, it was required to sentence him to the advisory sentence. The State asserts, instead, that we should affirm Choate's sentence as harmless under Indiana Appellate Rule 7(B).

[13] We have long recognized that, where a trial court has abused its discretion in sentencing a defendant, "the error is harmless if the sentence imposed was not inappropriate" under Rule 7(B). *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007). However, central to our review under Rule 7(B) is our assessment of "the trial

court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate." *Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016). We cannot do that where, as here, the trial court has not entered a sentencing statement at all for us to review. And neither can we say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. *Anglemyer*, 868 N.E.3d at 491. Accordingly, we reverse Choate's sentence and remand for resentencing. *See Windhorst*, 868 N.E.2d at 507.

[14] Affirmed in part, reversed in part, and remanded for resentencing.

Crone, J., and Pyle, J., concur.