## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2019, 10:33 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Bradley Keffer
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Leroy Terrell Hunter,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

May 29, 2019

Court of Appeals Case No.
19A-CR-108

Appeal from the Vanderburgh
Superior Court

The Honorable Robert J. Pigman,
Judge

Trial Court Cause No.
82D03-1802-MR-1106

**Brown, Judge.**

[1] Leroy Terrell Hunter appeals his sentence for voluntary manslaughter as a level 2 felony enhanced by his possession of a firearm. He raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

[2] On November 10, 2017, Dion Banks introduced Donald Xavier Freels to Carolyn Butler whom Banks knew sold synthetic cannabinoids or "Katey," as well as methamphetamine and marijuana. Appellant's Appendix Volume II at 53. Freels and Butler made plans for a narcotics transaction. Hunter and Zachery Hunter ("Zachery") accompanied Butler when she went to meet Freels.

[3] Freels asked to see the narcotics, and Butler handed him methamphetamine and marijuana. Freels began to weigh the narcotics with his own scale. Butler heard Freels say "what are you two n----- on," and she heard gunshots immediately after. *Id.* at 55. She saw a muzzle flash in the rearview mirror coming from the gun that Hunter was firing in Freels's direction. Freels was shot multiple times, and Hunter and Zachery loaded his body into the back seat of Butler's vehicle and told her to drive. Butler drove to the end of an access road, and Hunter and Zachery removed Freels's body and "dumped him like trash." *Id.* Hunter and Zachery looked in Freels's pockets and found he did not have any money. An autopsy revealed that Freels was shot seven times including three shots to his head and four to his upper and lower back and that two different calibers of bullets were used in the shooting. Butler's sister later

indicated to police that she had heard Hunter say that Freels pulled out a gun and attempted to rob Butler.

[4] On February 13, 2018, the State charged Hunter with murder and alleged that he was eligible for a sentencing enhancement for committing a felony offense while a member of a criminal organization as well as for committing a felony offense while using a firearm.

[5] On November 14, 2018, the court held a hearing at which the parties indicated that Hunter would plead guilty to voluntary manslaughter as a level 2 felony and admit the firearm enhancement, and the court would sentence him to between twenty and forty years. On December 14, 2018, the court held a hearing, and Hunter pled guilty pursuant to the plea agreement. Hunter did not present evidence, but his counsel argued that he had no prior felony history, the crime was the result of circumstances unlikely to recur, he is unlikely to commit another crime, Freels either induced or facilitated the offense, and his incarceration would result in undue hardship on his three children.[1] Hunter's counsel asked for a sentence of fifteen years enhanced by eight years for the firearm enhancement. The prosecutor asked for a sentence of forty years.

---

[1] The presentence investigation report states that Hunter had zero dependent children. At sentencing, Hunter's counsel stated: "Judge, we went through the presentence in the back and everything appears to be accurate. He did not indicate any changes and I did not see any going through it as well." Transcript Volume II at 13.

[6]     On December 19, 2018, the court continued the hearing, accepted the plea agreement, found Hunter's criminal history and the nature and circumstances of the offense surrounding the killing as aggravators, and sentenced him to twenty years for voluntary manslaughter enhanced by twenty years on the firearm enhancement for an aggregate sentence of forty years.

## *Discussion*

[7]     The issue is whether Hunter's sentence is inappropriate in light of the nature of the offense and the character of the offender. Hunter contends that Freels's death and the use of a firearm were already accounted for in the conviction and that he was not one of the main proponents or planners involved in the drug deal. He argues that Freels was actually trying to rob Butler, that he has led a law-abiding life for a substantial period of time, he is likely to respond appropriately to probation or short-term imprisonment, he is unlikely to commit another crime, his imprisonment will result in undue hardship to his three children, and he accepted responsibility for his crime.

[8]     The State argues that the facts surrounding the crime and Hunter's criminal history were valid considerations and that the facts surrounding the crime undermine and contradict Hunter's alleged mitigating circumstances. It asserts that the fact that Freels was shot in the back completely undermines any claims that he acted in a way that necessitated the shooting.

[9]     Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the

sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[10] Ind. Code § 35-50-2-4.5 provides that "[a] person who commits a Level 2 felony shall be imprisoned for a fixed term of between ten (10) and thirty (30) years, with the advisory sentence being seventeen and one-half (17 ½) years." Ind. Code § 35-50-2-11(g) provides that if the court finds that "the person knowingly or intentionally used a firearm in the commission of the offense under subsection (d), the court may sentence the person to an additional fixed term of imprisonment of between five (5) years and twenty (20) years."

[11] Our review of the nature of the offense reveals that Hunter accompanied Butler who had sold synthetic cannabinoids, methamphetamine, and marijuana, to a narcotics transaction. He fired a gun in Freels's direction, and Freels was shot seven times including three shots to his head and four to his upper and lower back. He dumped Freels's body like trash and looked in his pockets.

[12] Our review of the character of the offender reveals that Hunter pled guilty to voluntary manslaughter as a level 2 felony and a firearm enhancement after he was charged with murder and two sentencing enhancements. His criminal

history includes convictions for residential entry,[2] reckless driving and public intoxication as class B misdemeanors, and operating a motor vehicle without ever having received a license as a class C misdemeanor.[3] The presentence investigation report ("PSI") reveals that Hunter was charged with false informing and public intoxication as a class B misdemeanor and received "12 days VCJ."[4] Appellant's Appendix Volume II at 46. It also lists a charge of alcohol intoxication in a public place with a sentencing date of March 13, 2008, but states: "No disposition available." *Id.* In 2008, Hunter's probation was revoked. The PSI indicates that his overall risk assessment score places him in the high risk to reoffend category. After due consideration, we conclude that Hunter has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character.[5]

[13] For the foregoing reasons, we affirm Hunter's sentence.

---

[2] The entry in the chronological case summary related to residential entry lists an offense date of May 14, 2003, and a sentencing date of October 18, 2007.

[3] The entry for reckless driving, public intoxication, and operating a motor vehicle without having received a license lists an offense date of April 14, 2003, and a sentencing date of September 26, 2007.

[4] The entry for these offenses lists an offense date of October 11, 2008, and a sentencing date of November 22, 2017.

[5] To the extent Hunter argues that the court abused its discretion in sentencing him by failing to consider certain mitigators, we need not address this issue because we find that his sentence is not inappropriate. *See Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012) (noting that any error in failing to consider the defendant's guilty plea as a mitigating factor is harmless if the sentence is not inappropriate) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007) (holding that, in the absence of a proper sentencing order, Indiana appellate courts may either remand for resentencing or exercise their authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), *reh'g denied*; *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*), *trans. denied*.

Affirmed.

May, J., and Mathias, J., concur.