## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 16 2019, 6:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

K. Aaron Heifner
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melissa Anne Brown,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | September 16, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2950<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Thomas L. Clem, Judge<br><br>Trial Court Cause No.<br>48C05-1706-F6-1558 |

**Brown, Judge.**

[1] Melissa Anne Brown appeals her sentence for reckless driving as a class C misdemeanor and operating a vehicle while intoxicated as a level 6 felony. We affirm.

## Facts and Procedural History

[2] On May 7, 2017, Brown left a bar in Chesterfield, Indiana. A police officer observed a pickup truck driven by Brown make several turns, squeal the tires, make unsafe starts, and accelerate. The officer tried to catch up with the truck and activated his vehicle's emergency lights and siren. Brown's Speeds increased to over 100 and up to 106 miles per hour, and she then came to a stop. The officer approached the vehicle, and Brown reported that she had left the bar and had consumed alcoholic beverages. She submitted to a certified breath test which showed a result of .159 g/210L.

[3] On June 21, 2017, the State charged Brown with: Count I, operating a vehicle while intoxicated endangering a person as a class A misdemeanor; Count II, operating a vehicle with an alcohol concentration equivalent of .15 or more as a class A misdemeanor; Count III, reckless driving as a class C misdemeanor; and Count IV, operating a vehicle while intoxicated having a prior conviction as a level 6 felony. On November 17, 2017, the State alleged that Brown was an habitual vehicular substance offender. On July 30, 2018, the court held a guilty plea hearing at which Brown pled guilty as charged.

[4] On November 5, 2018, the court held a sentencing hearing. The court noted the presentence investigation report ("PSI"), and Brown's counsel made one

correction. In the category titled evaluation/summary, the PSI states that in mitigation Brown pled guilty without the benefit of a plea agreement and that an aggravating factor is her criminal history. It included a recommendation that she receive a sentence of sixty days executed on in-home detention under Count III and thirty months with ten months executed on in-home detention and twenty months suspended to probation under Count IV enhanced by an additional thirty months for being an habitual vehicular substance offender to be executed on in-home detention.

[5] The prosecutor argued Brown had six DUIs, she had been on in-home detention before and that clearly did not work, she was driving 106 miles per hour, and she should be sentenced to prison. He argued that the only mitigator was that she pled guilty and that it was not much of a mitigator because the State was prepared to go to trial and there was no way she would prevail. Brown indicated that she had been employed at Nestlé for nine years, that she had five convictions for operating while intoxicated counting this case, and that she had a drinking problem and was in treatment. She submitted a letter from her doctor stating that she had been treated for agoraphobia with panic disorder and depressive disorder, that her symptoms interfere with her ability to work and she has been on sick leave from work at least twice, and that she has made progress with some medication changes and has returned to work. Brown further indicated that she had a domestic partner who lived with her and had taken on sobriety to support her. She indicated that her job not only functioned to support her household but functioned to support her daughter who was a

student at IU and that she carried health insurance for her daughter and herself. When asked if she was willing to have a device placed on her vehicle so that she would have to blow into it every time to show that she was sober before the vehicle would start, she answered affirmatively. She indicated that she had been to prison for ninety days, and when asked if she had been on in-home detention before and had been successful, she replied that she had been successful at every program.

[6] The trial court stated in part:

> You know . . . I think one of the hallmarks of . . . any Judge who . . . is worth being called a Judge, is consistency. In every case like yours Ms. Brown, I have on many, many occasions given this little speech; and it goes like this: Person goes out and has a record like this, which in and of itself is an aggravating circumstance, I show six (6) prior DUI's. One was dismissed for some reason. That still means, still you had charges of six (6), whether you had a deferral or whether you worked yourself out of it; you don't seem to be clear about how that happened, but certainly you've had six (6) DUI's in your past. That is a horrible aggravating circumstance. And so the question and the inquiries like this, I do something like probation or something like that in a case like this and then you go out and do this again and get number seven (7), only this time there's an accident. Somebody's husband gets killed. Somebody's wife gets killed. Somebody's son gets killed. Somebody's daughter gets killed. And they come up here and they sit, right here in this chair, right here, beside me, as they have a right to do, and they look at me and they say, "Judge, the seventh time. If you'd just done something my husband would be alive; my wife would be alive, my daughter, my son would be alive." I've been a Judge for twenty-eight (28) years and over a hundred thousand (100,000) cases in this court, it's a really high-volume court, and to this day I don't know how

to answer that question; so I don't. And I've never tried to. I can't take the risk that I'll get asked that question in a situation like yours, and so I'm not going to do that. I've never done it and I never will.

Transcript Volume 2 at 27-28.

[7] The court merged Counts I and II into Count IV, and sentenced Brown to concurrent terms of two months under Count III and thirty months under Count IV, and enhanced the sentence under Count IV by thirty months for being an habitual vehicular substance offender for an aggregate sentence of sixty months. The court stated: "I will recommend that you receive, let's see it's called Recovery While Intoxicated and Purposeful Incarceration. Should you complete that I will make a commitment to modify your sentence." *Id*. at 29. The abstract of judgment states: "Upon successful completion of the clinically appropriate substance abuse treatment program as determined by IDOC, the court will consider a modification to this sentence." Appellant's Appendix Volume II at 78.

## *Discussion*

[8] Brown requests that this Court "modify and revise [her] sentence with a reduced sentence with rehabilitation opportunities" and for all other just and proper relief. Appellant's Brief at 15. She argues that the trial court abused its discretion in sentencing her, that it is clear that the aggravating circumstance is her history of driving while intoxicated, and "[a]t no point during sentencing did the Court offer any *dicta* into the record reflecting any consideration of any

mitigating circumstances or if there even were any mitigating circumstances such as her low risk assessment in [her] PSI." *Id*. at 9-10.

[9] Brown cites Ind. Appellate Rule 7(B) and argues that the court failed to provide any reason for her sixty-month sentence "except 'consistency' and to avoid the speculated circumstance that [she] would kill someone in a car accident," "[t]his kind of poor reasoning, even with [her] past driving history, is the slippery-slope of convicting someone again after having served their prior sentence," "it infers that anyone previously convicted of any traffic offense should never be allowed to drive again and should stay behind bars," and "[t]he trial court's concept of 'consistency' is troublesome as it also clearly reflects that the trial court did not, nor would it, consider any mitigating circumstances." *Id*. at 10-11. She argues that the trial court stated it would "'never' try to even consider if a lighter sentence would ever be appropriate" and that it gave no consideration to the facts that the PSI reflected a low risk of a repeat offense, she "was the financial backbone for her daughter," her partner committed herself to sobriety to support and provide her with a positive influence, and she was willing to have a device installed in her vehicle so that she would need to pass a breathalyzer each time she started her vehicle. *Id*. at 12. She argues that her sentence is an outlier and far greater than the recommendations in the PSI. She contends that the facts should persuade this Court that her sentence has met the inappropriateness standard of review and that her sentence should be revised under Ind. Appellate Rule 7(B).

The State responds that the trial court did not abuse its discretion in sentencing Brown and that her sentence is not inappropriate. It argues the trial court committed to modify Brown's sentence if she completed a rehabilitative program and her thirty-month habitual vehicular substance offender enhancement was substantially below the maximum permitted. It argues that Brown's criminal history demonstrates a consistent, unresolved abuse of alcohol and repeated choices to drive while drunk. It argues that, "[b]ased on Brown's criminal history, the only sentence that has had a demonstrable deterrent effect was [her] six-month executed sentence served in 2003" and she "has been offered numerous alternative sentences, including suspended sentences, probation, substance abuse treatment, and victim impact panels, but [she] nevertheless continued to engage in criminal behavior shortly after each of those." Appellee's Brief at 14. It argues that, even if the court erred in failing to consider Brown's willingness to cooperate with alternative sentencing, her daughter's financial reliance on her, or her partner's willingness to engage in sobriety, there is little reason that consideration of those factors would have altered her sentence. It also contends that, because her sentence is not inappropriate, any error by the trial court was harmless, and that the nature of her offenses and character do not warrant a downward revision of her sentence.

Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade the appellate

court that his or her sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12] Ind. Code § 35-50-2-7 provides that a person who commits a level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years with the advisory sentence being one year. Ind. Code § 35-50-3-4 provides that a person who commits a class C misdemeanor shall be imprisoned for a fixed term of not more than sixty days. Ind. Code § 9-30-15.5-2(d) provides: "The court shall sentence a person found to be a habitual vehicular substance offender to an additional fixed term of at least one (1) year but not more than eight (8) years of imprisonment, to be added to the term of imprisonment imposed under IC 35-50-2 or IC 35-50-3." Brown was sentenced to thirty months under Count IV enhanced by thirty months for being an habitual vehicular substance offender, and the court stated that it would modify her sentence if she completed the ordered treatment program.

[13] Our review of the nature of the offense reveals that Brown operated a vehicle while intoxicated having been convicted of operating while intoxicated within the prior five years. After consuming alcoholic beverages, she entered a pickup truck, made several turns squealing the tires, and accelerated to over 100 and up to 106 miles per hour until she was pulled over by law enforcement. Her certified breath test result was 0.159 g/210L.

[14] Our review of the character of the offender reveals that Brown pled guilty without the benefit of a plea agreement. The PSI indicates that Brown's

criminal history includes: driving while intoxicated as a class A misdemeanor for which she was sentenced in September 1993 to 365 days probation and substance abuse evaluation and treatment and completed probation in September 1994; operating while intoxicated for which she was sentenced in November 1999 to 365 days with all but five days suspended on condition of completion of Alcohol Counter Measures Program; charges for operating a vehicle while intoxicated and driving while suspended as class A misdemeanors filed in April 2000 and dismissed in March 2001; operating a vehicle while intoxicated which was filed in 2003 and for which she was sentenced in March 2004 to eighteen months, all suspended except for six months, and twelve months of probation; operating a vehicle while intoxicated endangering a person as a class A misdemeanor, speeding, and disregarding an auto signal for which she was sentenced in May 2013 to 364 days with 182 days on in-home detention and 182 days probation and ordered to obtain a substance abuse evaluation, attend victim impact panel, and attend and complete Prime for Life; and battery resulting in bodily injury as a class A misdemeanor for which she was sentenced in September 2015 to 180 days suspended to probation. The PSI states that Brown was granted the privilege of probation in all convictions and completed successfully, that she has been placed on in-home detention and sentenced to the Indiana Department of Correction on one occasion, and that she reports no official misconducts during any period of incarceration she has served. It further indicates that she owns her home and has a mortgage, owns a vehicle, and had worked for her employer for nine years. With respect to substance abuse, the PSI states that Brown reports that alcohol is her substance

of choice, that she would drink heavily at times and then go through periods of sobriety, and that she has been in treatment at the Anderson Center, Aspire, and Richmond State Hospital. The PSI also indicates that her risk assessment for the area of substance abuse is moderate and that her overall risk assessment score places her in the low risk to reoffend category.

[15] After due consideration, we conclude that Brown has not sustained her burden of establishing that her sentence is inappropriate in light of the nature of the offenses and her character.[1]

[16] For the foregoing reasons, we affirm Brown's sentence.

[17] Affirmed.

Altice, J., and Tavitas, J., concur.

---

[1] To the extent that Brown argues that the trial court abused its discretion in failing to consider her willingness to cooperate with alternative sentencing, her daughter's financial reliance on her, her partner's willingness to remain sober, or her willingness to have a device installed in her vehicle so that she would need to pass a breathalyzer to start her vehicle as mitigating circumstances, we need not address this issue because we find that her sentence is not inappropriate under Ind. Appellate Rule 7(B). *See Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007) (holding that, in the absence of a proper sentencing order, Indiana appellate courts may either remand for resentencing or exercise their authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), *reh'g denied*; *Shelby v. State*, 986 N.E.2d 345, 370 (Ind. Ct. App. 2013) (holding that "even if the trial court did abuse its discretion by failing to consider the alleged mitigating factor of residual doubt, this does not require remand for resentencing"), *trans. denied*. Even if we were to consider Brown's abuse of discretion argument, we would find that reversal is not warranted in light of the record.